■ ERICA L. RIEMERSMA, Respondent-Appellant, v JEREMY RIEMERSMA SR., Appellant-Respondent. [922 NYS2d 616]—

Stein, J. Cross appeals from an order of the Family Court of Essex County (Heussi, S.M.), entered October 28, 2009, which, among other things, granted plaintiff's motion for an order of child support.

Plaintiff and defendant were married in 2001 and are the parents of twins (born 2007). In July 2008, plaintiff commenced this action for divorce seeking, among other things, an order of custody and an order of child support. Simultaneously with the commencement of this action, plaintiff moved for pendente lite relief, including an order of temporary custody and child support. Defendant cross-moved for temporary custody. In December 2008, Supreme Court (Dawson, J.) issued a temporary order directing that the parties have joint legal custody and setting a schedule of custodial time. Thereafter, Supreme Court (Muller, J.) referred plaintiff's application for support to Family Court.

After a fact-finding hearing, at which the parties stipulated to various facts, including their respective incomes and the amount of custodial time each enjoyed with the children, the Support Magistrate determined that defendant was the noncustodial parent and that his pro rata share of the basic child support obligation for both children was $469 biweekly (including $27 for his pro rata share of the children's health insurance coverage).[1] However, the Support Magistrate further found that defendant's pro rata share of the basic child support obligation would be unjust and/or inappropriate and reduced the basic support amount from $442 biweekly to $200 biweekly. These cross appeals ensued.

The threshold issue presented for our review is whether the Support Magistrate properly determined that plaintiff is the custodial parent and that defendant is the noncustodial parent for purposes of determining child support. The record reflects that plaintiff is employed full time as a State Trooper and that her hours of employment are from approximately 7:00 P.M. to 7:00 A.M. on seven days out of every 14-day period. Her gross annual income is $87,856. Defendant is also employed full time, as an urban forestry program manager, and works weekdays from 8:00 A.M. to 4:30 P.M. His gross annual income is $50,392. The custodial schedule, which was crafted so that each parent would care for the children while the other parent is at work, provides for the children to be placed with each party for seven nights out of every 14-day period. However, over the course of that period, the children are with plaintiff for a substantially greater period of time. The parties stipulated that, based upon the number of hours the children spend with each parent, plaintiff has them 65% of the time, while defendant has them 35% of the time. Nevertheless, defendant argues that the determination of which parent is the custodial parent should be based upon the number of nights—not the number of hours—the children are with each of them. Based upon that analysis, he contends that the parties share equal custody and, therefore, that neither parent should pay support to the other or that plaintiff should pay child support to him because her income exceeds his, citing *Baraby v Baraby* (250 AD2d 201, 204 [1998]). Under the particular circumstances here, we disagree.

It is well established that the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b]; Family Ct Act § 413 [hereinafter CSSA]) is applicable to cases involving joint or

1. Inasmuch as there is no dispute regarding defendant's contribution to the cost of health insurance coverage, we refer to the basic child support amount hereinafter as the amount that does not include such contribution.

shared physical custody (*see Bast v Rossoff*, 91 NY2d 723, 726 [1998]). In such cases, "the court can still identify the primary custodial parent" (*id*. at 728) based upon the "reality of the situation" (*id*. [internal quotation marks omitted]), by determining who has physical custody of the children for a "majority of the time" (*Matter of Borowicz v Mancini*, 256 AD2d 713, 713-714 [1998]). While we do not necessarily countenance arriving at this determination in every case by comparing the number of hours the children are with each parent, it is appropriate to consider the overall amount of time each parent spends with the children (*see Bast v Rossoff*, 91 NY2d at 728; *Rossiter v Rossiter*, 56 AD3d 1011, 1012 [2008]; *Matter of Minter-Litchmore v Litchmore*, 24 AD3d 932, 933 [2005]; *Matter of Somerville v Somerville*, 5 AD3d 878, 879 [2004]). Here, inasmuch as it is undisputed that the children spend significantly more time with plaintiff than with defendant, we find no error in the Support Magistrate's conclusion that plaintiff is the custodial parent for purposes of the CSSA.

Next, we address the parties' challenges to the amount of the child support award. In making an award of child support, the court must first determine the basic child support obligation under the CSSA, and must then order the noncustodial parent to pay his or her "pro rata share of the basic child support obligation, unless it finds that amount to be 'unjust or inappropriate'" (*Bast v Rossoff*, 91 NY2d at 727, quoting Domestic Relations Law § 240 [1-b] [f]; *see* Family Ct Act § 413 [1] [f], [g]; *Matter of Cassano v Cassano*, 85 NY2d 649, 654 [1995]; *Matter of Borowicz v Mancini*, 256 AD2d at 714). In order to deviate from the statutory formula, the court must specifically "set forth . . . the factors it considered . . . and the reasons that [it] did not order the basic child support obligation" (Family Ct Act § 413 [1] [g]; *see Bast v Rossoff*, 91 NY2d at 727; *Matter of Ballard v Davis*, 248 AD2d 858, 860 [1998], *lv denied* 92 NY2d 803 [1998]).

Here, the Support Magistrate indicated that he considered the factors enumerated in Family Ct Act § 413 (1) (f)[2] and found that defendant's pro rata share of support was unjust and/or inappropriate because "each parent enjoy[ed] significant custodial time with the children, and each must maintain a suitable residence for visitation periods. Furthermore, [defendant] provides clothing, toys, etc., for the children while at his residence, and does not rely on [plaintiff] to provide those

---

**2.** This statutory provision, applicable in Family Court proceedings, is identical to Domestic Relations Law § 240 (1-b) (f), which is applicable in matrimonial actions in Supreme Court.

items." However, the Support Magistrate failed to specify the factors relied upon to deviate from the presumptively correct child support amount or the extent, if any, of the expenses justifying such a deviation (*see* Family Ct Act § 413 [1] [f]; *Matter of Spoor v Spoor*, 276 AD2d 887, 889 [2000]; *see also* Domestic Relations Law § 240 [1-b] [f] [9]). Indeed, at the fact-finding hearing, defendant testified that he had not incurred any unusual or extraordinary expenses related to the care of the children. Furthermore, we have previously held that the costs of maintaining suitable housing and providing food and clothing for the children during custodial periods do not constitute extraordinary expenses that would justify a deviation from the statutory formula (*see Matter of Spoor v Spoor*, 276 AD2d at 889; *Matter of Simmons v Hyland*, 235 AD2d 67, 71 [1997]).

Nevertheless, while we find that the reasons articulated by the Support Magistrate did not provide an adequate basis for the deviation, our independent review of the record in the exercise of our factual review power persuades us that there is sufficient evidence to substantiate the determination that defendant's pro rata share of the basic child support obligation is unjust and/or inappropriate based upon the application of at least one statutory factor (*see generally Matter of Gray v Gray*, 199 AD2d 644, 645 [1993]). Specifically, the court may base a deviation upon, among other things, "[t]he non-monetary contributions that the parents will make toward the care and well-being of the child[ren]" (Family Ct Act § 413 [1] [f] [5]; Domestic Relations Law § 240 [1-b] [f] [5]), "[a] determination that the gross income of one parent is substantially less than the other parent's gross income" (Family Ct Act § 413 [1] [f] [7]; Domestic Relations Law § 240 [1-b] [f] [7]), or "[a]ny other factors the court determines are relevant in each case" (Family Ct Act § 413 [1] [f] [10]; Domestic Relations Law § 240 [1-b] [f] [10]). Here, the parties stipulated that plaintiff's gross income exceeds defendant's gross income by approximately $37,000 per year. This, alone, is sufficient to warrant a deviation. On the other hand, there was also testimony in the record that plaintiff makes certain non-monetary contributions toward the children's care. Under all of the circumstances, we find that the amount awarded by the Support Magistrate was just and appropriate and was not an abuse of discretion. Accordingly, we decline to modify the award.

The parties' remaining contentions have been considered and are unavailing.

Peters, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.