■ In the Matter of WILLIAM J. KELLY, Appellant, v KATHLEEN A. KELLY, Respondent. [934 NYS2d 272]—

Stein, J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of three children (born in 1991, 1995 and 2000). Pursuant to a separation agreement entered into in February 2004, which was incorporated, but not merged, into their judgment of divorce, the parties agreed to share legal and physical custody of the children, with the mother having primary physical custody. The agreement also contained a provision regarding child support, which deviated from the presumptively correct amount pursuant to the Child Support Standards Act (*see* Family Ct Act § 413 [hereinafter CSSA]). Specifically, the deviation consisted of a waiver of the father's equity interest in the marital residence—in the amount of $108,500—in full satisfaction of his support obligation.[1] As relevant here, both parties also agreed to contribute to the children's college expenses.

In October 2009, the parties' oldest child (hereinafter the child) began to reside with the father. As a result, the father commenced this proceeding for an award of child support to be paid by the mother for the child. The Support Magistrate determined that the presumptively correct amount of child support pursuant to the CSSA would be $290.28 per week, but deviated from that amount, ordering a reduced obligation of $80 per week. The father's written objections to the Support Magistrate's order were denied by Family Court. The father now appeals and we affirm.

The Support Magistrate first calculated the basic child support obligation under the CSSA to be $290.28 per week—a calculation which is presumed correct[2] (*see* Family Ct Act § 413 [1] [c], [f]; *Bast v Rossoff*, 91 NY2d 723, 727 [1998]; *Riemersma v Riemersma*, 84 AD3d 1474, 1476 [2011]). A determination of whether application of the presumptive amount is unjust or inappropriate is within the discretion of the trial court and is made after consideration of the statutory factors including, among others, the financial resources of the parents and those of the child, as well as the needs of the children remaining with the noncustodial parent (*see* Family Ct Act § 413 [1] [f] [1], [8]; *Matter of Cassano v Cassano*, 85 NY2d 649, 654 [1995]). The

1. The agreement further provided that, if the mother were to successfully petition for an award of child support in the future, she would be required to repay the father his equity interest in the marital residence and to pay his counsel fees and expenses incurred in connection with such petition.

2. The father does not argue that this calculation was erroneous.

court may also consider any other factors it deems relevant (*see* Family Ct Act § 413 [1] [f] [10]; *Riemersma v Riemersma*, 84 AD3d at 1477).

Here, the Support Magistrate considered that the mother was paying two thirds of the cost of the child's car insurance and one third of her college expenses, that a deviation from the presumptively correct amount of child support would not result in any hardship as both parties' households were "well off," that the child was partially meeting her own needs by working part time, and that the mother is responsible for the on-going expenses of the two children remaining in her household for whom she does not receive any child support.[3] Thus, the Support Magistrate set forth the reasons for deviating from the presumptively correct amount of child support, which "reflect[ed] a careful consideration of the parties' circumstances with an articulation of the factors [he] deem[ed] relevant" (*McMillen v Miller*, 15 AD3d 814, 817 [2005] [internal quotation marks and citation omitted]; *accord Matter of Ryan v Ryan*, 84 AD3d 1515, 1517 [2011]). Inasmuch as the factors considered by the Support Magistrate were all properly related to the resources and needs of the parties' respective households, we cannot conclude that Family Court abused its discretion in denying the father's objections, and we decline to modify the child support award.

Mercure, A.P.J., Peters, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.

---

3. We note that, in exchange for his waiver of his equity in the marital residence valued at $108,500, the father had been relieved of any obligation to pay child support for a period of almost six years at the time of the commencement of this proceeding. When the separation agreement was executed in 2004, the parties calculated his presumptive child support obligation to be $515 per week. At that rate, his total obligation for child support over a six-year period would have been approximately $160,000.