Stein, J.
Plaintiff and defendant were married in 1996 and are the parents of twin sons (born in 1996) and a daughter (born in 2004). In 2009, plaintiff commenced this action for divorce seeking, among other things, an order of custody and child support. During the pendency of the action, Supreme Court (Williams, J.) issued a temporary order after a hearing, awarding the parties joint legal custody of the children, with the children’s primary residence to be with plaintiff, subject to a set schedule of custodial time, and ordered that neither party would pay child support to the other pending a final order of the court.
Ultimately, after a trial, Supreme Court (Brown, J.H.O.) issued findings of fact and conclusions of law which provided, among other things, that it was in the best interests of the children that the parties have “joint custody with shared parenting as set forth in the existing temporary order . . . [which order] shall become the permanent order of the [c]ourt.” Supreme Court also “deemed [plaintiff] to be the non-custodial parent by virtue of his greater income for purposes of child support,” and directed plaintiff to pay an amount of support to defendant pursuant to Domestic Relations Law § 240 (1-b). The parties’ marriage was thereafter dissolved by judgment of divorce which, *924 among other things, incorporated the findings of fact and conclusions of law.* Plaintiff now appeals.
As limited by his brief, plaintiffs appeal centers on Supreme Court’s child support determination. Specifically, plaintiff argues, among other things, that Supreme Court erroneously designated him as the noncustodial parent and required him to pay child support. We agree. It is well established that the Child Support Standards Act (see Domestic Relations Law § 240 [1-b]) is applicable to cases involving joint custody (see Bast v Rossoff, 91 NY2d 723, 726 [1998]; Riemersma v Riemersma, 84 AD3d 1474, 1475-1476 [2011]). Generally, the custodial parent for purposes of child support is the parent who has physical custody of the children for the majority of the time (see Bast v Rossoff, 91 NY2d at 728; Riemersma v Riemersma, 84 AD3d at 1475-1476). In such cases, the court may determine which parent is the custodial parent based on the “ ‘reality of the situation’ ” (Riemersma v Riemersma, 84 AD3d at 1476, quoting Bast v Rossoff, 91 NY2d at 728). It is only when “the parents’ custodial arrangement splits the children’s physical custody so that neither can be said to have physical custody of the children for a majority of the time” that the parent with the greater pro rata share of the child support obligation as calculated pursuant to the Child Support Standards Act should be identified as the noncustodial parent (Baraby v Baraby, 250 AD2d 201, 204 [1998]).
Here, Supreme Court’s judgment provides that the children’s primary physical residence is to be with plaintiff and sets a parenting schedule that undisputedly results in the children being with plaintiff 18 nights out of every 28 nights and with defendant 10 nights out of every 28 nights during the school year. For the remainder of the year, including school recesses and holidays, the parties share parenting time equally. Inasmuch as “shared” custody is not synonymous with “equal” custody and plaintiff clearly has physical custody for a majority of the time during the greater part of the year, Supreme Court incorrectly determined that plaintiff was the noncustodial parent for child support purposes by virtue of his higher income, and erred in directing plaintiff to pay child support to defendant (see Bast v Rossoff, 91 NY2d at 728; Matter of Cassano v Cassano, 85 NY2d 649, 652 [1995]; Riemersma v Riemersma, 84 AD3d at 14751476). In our view, the court should determine, in the first instance, the appropriate amount of child support to be paid by defendant to plaintiff, if any. Accordingly, we remit the matter to Supreme Court for such purpose.
*925 Mercure, J.E, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as directed plaintiff to pay child support to defendant; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

 The judgment, however, specifically provided that the children’s primary residence would be with plaintiff.