Acosta, J.
(dissenting in part). I respectfully dissent from the dismissal of the mother’s cause of action for child support because the majority’s rigid application of the statute sacrifices *74 the child’s well-being at the altar of an arithmetic formula. It forces the child to bear the economic burden of his parents’ decisions, even where, as here, the child, whose father is a millionaire, is in danger of living in poverty, solely to preserve uniformity and predictability in child support awards. I do not believe this result is what the legislature intended in drafting the Child Support Standards Act (CSSA), especially since the CSSA clearly did not envision every possible custodial situation.
Although the basic scheme outlined by the majority applies in the majority of cases and provides uniformity of child support awards (see Holterman v Holterman, 3 NY3d 1, 9 [2004]; Matter of Dutchess County Dept. of Social Servs. v Day, 96 NY2d 149 [2001] [uniformity of child support awards a paramount purpose in enacting the CSSA]), courts have consistently dealt with situations that simply were not contemplated when the statute was drafted. For instance, the CSSA is silent as to situations where there is a 50-50 split in custody (see Baraby v Baraby, 250 AD2d 201, 204 [3d Dept 1998]; see also Barr v Connota, 57 AD3d 813 [2d Dept 2008]; Matter of Carlino v Carlino, 277 AD2d 897 [4th Dept 2000]). Trial courts, which must nonetheless deal with the cases before them, have wisely deemed the “monied” spouse as the noncustodial parent for purposes of determining child support (see Baraby, 250 AD2d at 204). Thus, contrary to the majority, “financial need [appears to] be a basis for determining custodial status,” albeit in rare cases. The holding in Baraby and related cases is supported by the CSSA’s legislative history, which
“had among its objectives the assurance that both parents would contribute to the support of the children, and that the children would not ‘unfairly bear the economic burden of parental separation’ (Governor’s Program Bill Mem, Bill Jacket, L 1989, ch 567, at 1). Emphasis was to shift ‘from a balancing of the expressed needs of the child and the income available to the parents after expenses to the total income available to the parents and the standard of living that should be shared with the child’ (Reichler and Lefcourt, [62] NY St BJ [36,] 44 [Feb. 1990]; see also, Governor’s Approval Mem, 1989 NY Legis Ann, at 250 [‘children will share in the economic status of both their parents’])” (Matter of Cassano v Cassano, 85 NY2d 649, 652 [1995] [emphasis added]).
This approach in cases that do not fit the “mold” also seems consistent with language in Bast v Rossoff (91 NY2d 723, 728 [1998]), where the Court of Appeals, while addressing the ap *75 plication of the CSSA to a shared custody arrangement, held that “in most instances, the court can determine the custodial parent for purposes of child support by identifying which parent has physical custody of the child for a majority of time” (id. [emphasis added]). The Court could very well have categorically defined “noncustodial parent” purely on calendar days, but recognizing that the CSSA did not cover every conceivable situation, it instead vested the trial court with some discretion in those rare cases. Of course, once the “custodial” parent is identified, the “three-step method” outlined in Cassano (85 NY2d at 652) must be applied.
This is one of those rare cases. Defendant father, who has custody 56% of the time, has assets valued at approximately $20 million dollars. By comparison, the mother who is 49 years old and has not worked since 2001, supports herself by child support payments of $5,000 per month by the defendant pursuant to a 2009 pendente lite order, and an additional $1,000 by the father of her daughter.[1] Indeed, her net worth statements show that she had a zero monthly income in 2009 prior to the pendente lite order. Given today’s economy, finding a job after being out of the work force for over a decade will be very difficult notwithstanding her college degree and two years of law school. Even more difficult perhaps is finding a suitable apartment on income of $1,000 a month. Thus, a strict application of the CSSA would serve no purpose, especially since the child primarily lives with the mother during the summer and other school vacation periods. The child would live comfortably during 56% of the year, and in or near poverty for 44% of the year. Contrary to the legislative history, the child would “unfairly bear the economic burden of parental separation” (Governor’s Program Bill Mem at 1, Bill Jacket, L 1989, ch 567 at 7; see Redder v Redder, 17 AD3d 10 [3rd Dept 2005] [where parties have substantially the same amount of custodial time with the children, monied spouse found to be custodial parent]; but see Smith v Smith, 97 AD3d 923 [3rd Dept 2012]).[2]
*76 By dissenting in this case, I do not propose that the basic formula provided by the CSSA be abandoned whenever an unfair result would occur. For instance in Holterman v Holterman (3 NY3d 1 [2004]), a strict application of the CSSA led to an arguably “unfair” result for the defendant father. There, defendant husband, a doctor, argued that his annual $21,288 installment payment of wife’s distributive award based on his medical license should have been deducted from his income and included as income attributed to his wife for purposes of child support pursuant to the CSSA. Indeed, the wife’s expert opined that a reassignment of income adjustment should be undertaken to avoid double dipping of the husband’s income stream. The Court nonetheless held that the “CSSA does not provide for the deduction of distributive awards from income, whether based on enhanced earning capacity due to a professional license or otherwise. Nor does the CSSA authorize the inclusion of a distributive award as income to the parent receiving the award” (3 NY3d at 11). Although a strict application of the statute in Holterman created financial difficulties for the noncustodial parent, it did not affect the children.
In the end, whether certain provisions of the statute were arguably unfair to the husband in Holterman is really beside the point because the children did not bear the consequences of that unfairness (3 NY3d at 10 [the aim of CSSA is to “maintain the children’s marital standard of living after their parents separate: ‘Children should be protected as much as possible from the overall decline in living standards that results from parents maintaining two households’ ” (citing Sponsor’s Mem at 1, Bill Jacket, L 1989, ch 567 at 15)]). Here, however, as noted above, the child’s overall standard of living will decline dramatically. In these rare circumstances, I believe the trial court is vested with *77 discretion to protect the child. Moreover, contrary to the majority, given the unique facts in this case, I do not believe that we run the risk of “return[ing] to a discretionary approach for a whole class of cases” (Bast v Rossoff, 91 NY2d at 728).
Friedman, J.P, Renwick and Román, JJ., concur with Richter, J; Acosta, J., dissents in part in a separate opinion.
Order, Supreme Court, New York County, entered March 8, 2012, reversed, on the law, without costs, the motion granted, and the cause of action for child support dismissed. Order, same court and Justice, entered July 19, 2011, affirmed, without costs.

. According to plaintiff, the child support amount from her daughter’s father is $600 per month, but since November 2010, he has been paying her $1,000, which includes $400 in arrears.

. Notwithstanding the Third Department’s holding in Smith, it cited with approval its earlier decision in Riemersma v Riemersma (84 AD3d 1474 [3rd Dept 2011]), where, in a similar scenario, it stated:
“[T]he court can still identify the primary custodial parent . . . based upon the reality of the situation ... by determining who has physical custody of the children for a majority of the time *76 . . . While we do not necessarily countenance arriving at this determination in every case by comparing the number of hours the children are with each parent, it is appropriate to consider the overall amount of time each parent spends with the children . . . Here, inasmuch as it is undisputed that the children spend significantly more time with plaintiff than with defendant, we find no error in the Support Magistrate’s conclusion that plaintiff is the custodial parent for purposes of the CSSA” (id. at 1476-1477 [emphasis added and internal quotation marks omitted]).
In Riemersma, the plaintiff had custody 65% of the time versus defendant’s 35%. In the present case, the child does not spend significantly more time with defendant, and, as noted by the majority, plaintiff was given important decision-making authority.