## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: December 3, 2015           520519
_____

In the Matter of THOMAS S.
   MITCHELL,
               Appellant,

      v                           MEMORANDUM AND ORDER

JEANETTE M. MITCHELL,
               Respondent.
_____


Calendar Date: October 16, 2015

Before: McCarthy, J.P., Rose, Lynch and Devine, JJ.

_____


     Levene Gouldin & Thompson, LLP, Vestal (Margaret J. Fowler of counsel), for appellant.

     Garufi Law, PC, Binghamton (Carman M. Garufi of counsel), for respondent.

_____


Lynch, J.

     Appeal from an order of the Family Court of Broome County (Pines, J.), entered May 12, 2014, which, in a proceeding pursuant to Family Ct Act article 4, granted respondent's objections to an order of a Support Magistrate.

     Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of one child (born in 2002). In August 2005, the parties entered into a separation agreement that resolved, among other things, custody and child support. The agreement was incorporated but not merged into the December 2005 judgment of divorce. Pursuant to the terms of the agreement, the parties shared legal and physical custody and virtually equal parenting time. In May 2007, the

parties agreed to an order that, insofar as is relevant to this proceeding, provided that the child would be with the father, who works for the school district, during scheduled school holidays, provided that the mother did not also have the day off.  In September 2013, the father commenced this proceeding seeking a modification of child support.  Relevant here, he claimed that, because his parenting time had increased, he had become the child's primary physical custodian.  Consequently, he argued that the mother should be directed to pay child support to him pursuant to the Child Support Standards Act (see Family Ct Act § 413 [hereinafter CSSA]) or that his child support obligation should be reduced based on the expenses resulting from the increased parenting time.  Following a hearing, a Support Magistrate partially granted the petition and reduced the father's support obligation as calculated under the CSSA from $186 to $92 a week.  Family Court thereafter granted the mother's objections to the Support Magistrate's order, finding that the record did not support a deviation from the CSSA.  The father appeals and we affirm.

Initially, we reject the father's argument that Family Court should have determined that he was the child's custodial parent.  Generally, the custodial parent for purposes of child support is the parent who has physical custody of a child for the majority of the time "based upon the reality of the situation" (Riemersma v Riemersma, 84 AD3d 1474, 1476 [2011] [internal quotation marks and citation omitted]).  If the parenting time is shared equally, then the parent with greater income is deemed to be the noncustodial parent for purposes of calculating child support (see Smith v Smith, 97 AD3d 923, 924 [2012]).

Here, no party disputes the Support Magistrate's conclusion that, during the school year, the child spends an equal number of overnights at each party's home and, during the summer months, the child is with the mother eight nights and the father six nights.  Consequently, Family Court determined that because the parents' have "close to equally shared physical custody," the father, as the more monied spouse, was the noncustodial parent.  The father contends that he has physical custody of the child a majority of the time because, pursuant to the 2007 order, the child was with him eight full days, six nights and two half days

during any 14-day period in the summer months, and, therefore, he should be deemed the custodial parent.[1]  The flaw in this argument is that "shared" custody need not be "equal" (Smith v Smith, 97 AD3d at 924).  Here, with the exception of the days during the summer weeks when the mother was unavailable and the father was available to exercise parenting time, the custodial schedule was unchanged, and we decline to accord greater weight to the custodial days as compared to the overnight custodial periods (see Matter of Somerville v Somerville, 5 AD3d 878, 880 [2004]).  Based on the "reality of the situation" (Riemersma v Riemersma, 84 AD3d at 1476 [internal quotation marks and citation omitted]), as demonstrated by the record, we discern no error in Family Court's determination that the parties shared "close to equally shared physical custody of the child."

Citing "significant expenses during his extensive visitation" with the child, the father also argues that strict application of the CSSA leads to an unjust or inappropriate result.  We disagree.  First, Family Court properly granted the mother's objections to the Support Magistrate's determination to deviate from the presumptive amount of child support because the Support Magistrate did not identify the factors she relied upon in making such determination (see Family Ct Act § 413 [1] [g]; Matter of Ryan v Ryan, 110 AD3d 1176, 1180 [2013]).[2]  Further,

---

[1]  The order also permits the mother to exercise parenting time during any two weeks during the summer.  The record is silent with regard to this exception to the father's parenting time.

[2]  The Support Magistrate determined that there was no basis in the record to deviate from strict application of the CSSA before subtracting the mother's basic support obligation plus a $5 weekly health insurance contribution from the father's basic support obligation.  To do so was in error for, in making a child support award, the court "must then order the noncustodial parent to pay his or her pro rata share of the basic child support obligation, unless it finds that amount to be unjust or inappropriate" (Riemersma v Riemersma, 84 AD3d at 1476 [internal quotation marks and citations omitted]).

our independent review of the record does not reveal sufficient evidence to support a finding that the father's support obligation is unjust or inappropriate based on the application of the statutory factors (see Matter of Ryan v Ryan, 110 AD3d at 1181).  The father, who testified that he has two other unemancipated children at home during the summer, claimed that his grocery bill was higher, that he purchased clothes for the child, that he had to transport the child to more social activities and that he paid for two camps for the child.  He also conceded that he did not ask the mother to contribute to the child's summer activities because the mother also paid for certain activities without contribution from him.  Notably, it is a "generally accepted fact that [although] shared custody . . . reduces certain costs for the custodial parent, [it] actually increases the total cost of supporting a child by necessitating duplication of certain household costs in each parent's home" (Bast v Rossoff, 91 NY2d 723, 730 [1998]).  We have consistently held that "[t]he costs of providing suitable housing, clothing and food for [a child] during custodial periods do not qualify as extraordinary expenses so as to justify a deviation from the presumptive amount" (Matter of Ryan v Ryan, 110 AD3d at 1180-1181; see Smith v Smith, 116 AD3d 1139, 1141 n 3 [2014]; Riemersma v Riemersma, 84 AD3d at 1477; Matter of Spoor v Spoor, 276 AD2d 887, 889 [2000]).  Here, although the father enjoys more parenting time with the child during summer vacations as a result of the 2007 order, the costs associated with this custodial time are not extraordinary expenses sufficient to warrant a deviation from the basic child support award.

McCarthy, J.P., Rose and Devine, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court