*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 5, 2016                    521547
_____

In the Matter of KIRK E.
    KOSINSKI,
                        Appellant,

        v                                           MEMORANDUM AND ORDER

CARRIE A. PARKER,
                        Respondent.
_____

Calendar Date:   March 25, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Kathryn S. Dell, Troy, for appellant.

        Carrie A. Parker, Watervliet, respondent pro se.

_____

Devine, J.

        Appeal from an order of the Family Court of Albany County
(Kushner, J.), entered January 16, 2015, which dismissed
petitioner's application, in a proceeding pursuant to Family Ct
Act article 4, to modify a prior order of child support.

        The parties are the parents of a son born in 1998 and have
historically enjoyed equal parenting time.  Pursuant to a 2009
order to which the parties stipulated — and which was not
included in the record on appeal — petitioner (hereinafter the
father) was directed to pay respondent (hereinafter the mother)
$150 a week in child support.[1]  Family Court issued an order in

_____

        [1]  It appears that the father earns more than the mother
and, as the parties have equal parenting time, he "is deemed to

August 2014, also upon the parties' stipulation, that awarded them joint legal custody of the child and entrusted the parties with equal parenting time. The custody order further directed that, "[f]or purposes of school, the father's residence shall be considered the child's primary residence." One month later, the father commenced this proceeding to modify the support order and terminate his support obligations, arguing that the child had begun to primarily reside with him. Following a hearing, the Support Magistrate agreed. Family Court upheld the mother's objections to the order of the Support Magistrate and determined, as is relevant here, that the father had not shown a change in circumstances that would warrant a modification in his support obligation. Family Court accordingly reinstated the support order, and the father appeals.

We affirm. "It is well settled that a parent seeking a downward modification of a child support order has the burden of establishing a change in circumstances sufficient to warrant the requested decrease" (Matter of Carnahan v Parrillo, 112 AD3d 1096, 1097 [2013] [citations omitted]; accord Matter of Jeffers v Jeffers, 133 AD3d 1139, 1139-1140 [2015]). The father attempted to do so by claiming that the child had elected to reside with him in the wake of the 2014 custody order, which could indeed constitute a sufficient change in circumstances (see e.g. Matter of Steven J.K. v Leah T.K., 46 AD3d 421, 422 [2007], lv denied 11 NY3d 703 [2008]; Tryon v Tryon, 37 AD3d 455, 457 [2007]). The custody order awarded the parties equal parenting time, however, and the child only "resided" with the father so that he could attend high school in the father's school district. The child, unsurprisingly, would stop by the father's residence after school and would sleep there three or four nights a week. While this led the father to believe that the child was primarily residing with him, even the father acknowledged that the child had continued to divide his time between the parties on an essentially equal basis. Thus, in the absence of proof that the division of parenting time had significantly changed, the father

---

be the noncustodial parent for purposes of calculating child support" (Matter of Mitchell v Mitchell, 134 AD3d 1213, 1214 [2015]).

failed to demonstrate a change in circumstances that would warrant the termination of child support (see Matter of Mitchell v Mitchell, 134 AD3d 1213, 1214-1215 [2015]; DelGaudio v DelGaudio, 126 AD3d 848, 849 [2015]).

McCarthy, J.P., Garry, Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court