Matter of Dunlop v Bowen (2019 NY Slip Op 01269)





Matter of Dunlop v Bowen


2019 NY Slip Op 01269


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

525904

[*1]In the Matter of RAMON DUNLOP, Appellant,
v
AMANDA BOWEN, Respondent. (Proceeding No. 1.)
In the Matter of AMANDA BOWEN, Respondent,
v
RAMON DUNLOP, Appellant. (Proceeding No. 2.)

Calendar Date: January 14, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Ramon Dunlop, Syracuse, appellant pro se.
Jackson Bergman, LLP, Binghamton (Dhyana M. Estephan of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered September 20, 2017, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 4, for an order of child support.
Ramon Dunlop (hereinafter the father) and Amanda Bowen (hereinafter the mother) are the unmarried parents of a child (born in 2013). In November 2016, the father petitioned pro se [*2]to establish his support obligation to the child. In March 2017, a Support Magistrate issued a temporary order of support requiring the father to pay $150 per week in child support commencing on March 20, 2017. On March 29, 2017, the mother filed her own petition seeking child support. Following a hearing on both petitions, the Support Magistrate determined the father's support obligation to be $181 per week — consisting of a $170 per week basic support obligation, plus an $11 per week contribution for the child's medical expenses [FN1] — retroactive to November 21, 2016, the date on which the father filed his petition. The father thereafter filed written objections to the Support Magistrate's order, which were subsequently denied by Family Court. The father now appeals.
The father initially contends that the underlying child support order must be vacated because, as an unrepresented litigant, the Support Magistrate failed to provide him with a copy of the child support standards chart as statutorily required (see Family Ct Act § 413 [1] [i]). Where a party is unrepresented by counsel, Family Ct Act § 413 (1) (i) provides that "the court shall not enter an order or judgment[,] other than a temporary order pursuant to [Domestic Relations Law § 237], that includes a provision for child support unless the unrepresented party or parties have received a copy of the child support standards chart promulgated by the [C]ommissioner of the [O]ffice of [T]emporary and [D]isability [A]ssistance pursuant to [Social Services Law § 111-i (2)]." Here, although the record of the subject proceedings does not indicate whether the Support Magistrate provided the father with a copy of the child support standards chart, the Support Magistrate's support order, dated July 17, 2017, expressly provides that "[t]he parties have been advised of the provisions of [Family Ct Act § 413 (1)] and the unrepresented parties, if any, have received a copy of the child support standards chart promulgated by the Commissioner of the . . . Office of Temporary and Disability Assistance pursuant to [Social Services Law § 111-i]." Although the better practice would have been for the Support Magistrate to state, on the record, that the father had been provided with a copy of the child support standards chart, given the Support Magistrate's explicit representation in its subsequent order that it did provide the father with said chart, coupled with the fact that the father was properly informed at the parties' initial appearance in March 2017 of the presumptively correct amount of child support to be paid, as well as the parties' presumptive allocation of responsibility for uncovered or unreimbursed medical expenses, we discern no basis to vacate the underlying support order (see Family Ct Act § 413 [1] [i]; Jenkins v Steadman, 180 AD2d 491, 491 [1992]; compare Matter of Usenza v Swift, 52 AD3d 876, 878 n 1 [2008]; Farca v Farca, 271 AD2d 482, 483 [2000]).
We reject the father's contention that the Support Magistrate erred by awarding child support retroactive to the father's November 2016 petition. Family Ct Act § 449 (2) provides that, except for circumstances not relevant here, "[a]ny order of child support . . . shall be effective as of
. . . the date of the filing of the petition therefor." Here, although both parties filed petitions seeking to have the father's support obligation fixed, the father filed his petition first, and it is from this date that the retroactivity calculation began (see Family Ct Act § 449 [2]; Matter of Carella v Collins, 272 AD2d 645, 646 [2000]; Matter of Howard v Johnson, 227 AD2d 929, 930 [1996]). Additionally, contrary to the father's assertion, there is nothing in the record indicating that he was misled by the Support Magistrate with regard to the potential retroactive date of the child support order, nor was he otherwise denied an opportunity to argue the merits of same, as [*3]the Support Magistrate specifically addressed the father's argument in this regard both at the parties' initial appearance and in the subsequently-issued order of support and findings of fact dated July 2017.
Lastly, we find no error in the Support Magistrate's award of the presumptively correct amount of basic child support and the denial of the father's application for a downward deviation based upon the tax consequences of the parties. At the hearing, the Support Magistrate determined the father's support obligation to be $181 per week pursuant to the formula set forth in the Child Support Standards Act, creating a rebuttable presumption that said guidelines resulted in the correct amount of child support (see Family Ct Act § 413 [1] [c]; Matter of Kelly v Kelly, 90 AD3d 1295, 1296 [2011]). As the party contesting this presumption, it was the father's burden to establish that application of the presumptive pro rata share would be unjust or inappropriate (see Family Ct Act § 413 [1] [f]; Matter of Mitchell v Mitchell, 134 AD3d 1213, 1215 [2015]; Matter of Marcklinger v Liebert, 88 AD3d 1114, 1116 [2011]). Here, the Support Magistrate carefully reviewed the parties' financial documentation, including their proof of income, expenses, financial statements, pay stubs, federal and state tax returns and additional expenses. The Support Magistrate also provided the father ample time to address his alleged financial hardship and accepted into evidence his "hardship outline." Upon review, we find no evidence to support the father's claim that the tax consequences of the parties justify a reduction of his child support obligation or that the applicable pro rata share of support was unjust or unreasonable given the Support Magistrate's proper application of the requisite statutory factors (see Matter of Mitchell v Mitchell, 134 AD3d at 1215).
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that order is affirmed, without costs.



Footnotes

Footnote 1: The child has a serious medical condition that requires extensive medical appointments and administration of numerous medications.