Matter of Laskowsky v Laskowsky (2020 NY Slip Op 05985)





Matter of Laskowsky v Laskowsky


2020 NY Slip Op 05985


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

528749

[*1]In the Matter of Gary Laskowsky, Appellant,
v
Kelly Laskowsky, Respondent.

Calendar Date: September 11, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Robert C. Kilmer, Binghamton, for appellant.
Law Offices of Michael J. Sullivan, Vestal (Michael J. Sullivan of counsel), for respondent.



Clark, J.
Appeal from an order of the Family Court of Broome County (Young, J.), entered February 25, 2019, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior obligation of support.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son and a daughter (born in 2005 and 2008, respectively). Pursuant to a 2015 judgment of divorce, which incorporated the terms of a prior settlement agreement, the parties shared "joint custody" of the children, with the mother having the children's primary residence and the father having "liberal and reasonable" parenting time with the children for a minimum of two days/overnights per week. The settlement agreement further provided that, as the noncustodial parent, the father had a presumptive child support obligation of $1,424.44 per month. The judgment of divorce was thereafter modified by a November 2017 order, entered upon consent, which granted the parties "shared custody" of the children, with the mother maintaining the children's primary residence. In March 2018, the father commenced this proceeding to terminate his child support obligation on the ground that he was now the custodial parent for purposes of the Child Support Standards Act (see Family Ct Act § 413 [hereinafter CSSA]). Following a fact-finding hearing, the Support Magistrate dismissed the father's petition without prejudice, and Family Court denied the father's subsequent written objections. The father appeals.
As set forth in the judgment of divorce, the father, as the parent seeking to modify his child support obligation, bore the burden of establishing a change in circumstances sufficient to warrant the requested modification (see Matter of Silver v Reiss, 74 AD3d 1441, 1442 [2010]). To that end, the father alleged that his parenting time had increased significantly since the judgment of divorce and that such change in circumstances rendered him the custodial parent for child support purposes. Under the CSSA, the custodial parent is generally the parent who, based upon "the reality of the situation," has physical custody of the children for a majority of the time (Bast v Rossoff, 91 NY2d 723, 728 [1998] [internal quotation marks, brackets and citation omitted]; see Ball v Ball, 150 AD3d 1566, 1567 [2017]; Riemersma v Riemersma, 84 AD3d 1474, 1476 [2011]). "If parenting time is shared equally, the noncustodial parent for purposes of the CSSA is the parent with the greater income" (Ball v Ball, 150 AD3d at 1567; see Matter of Mitchell v Mitchell, 134 AD3d 1213, 1214 [2015]).
The undisputed evidence demonstrated that, over a 14-day period, each parent had the children for a total of seven overnights. The father nevertheless argued that he was the primary custodial parent and, in support of that argument, presented evidence establishing that, from October 1, 2017 through August 22, 2018, he had physical custody of the children for slightly more than half of the overall time. Specifically, he testified that, during this time period, he kept track of his parenting time with each child through the use of an application on his cell phone and that, as reflected in exhibits admitted into evidence, his parenting time with the son amounted to 52.1% of the overall time, while his parenting time with the daughter amounted to 53.4% of the overall time. However, as the Support Magistrate noted, the father did not present any proof "as to his hours of employment, what time the children were actually with him in his household, the direct financial support he provides when the children are in his care, [or] who takes the children to their extracurricular activities and appointments." Rather, the father relied solely upon a simplistic calculation of the overall number of hours that the children were technically in his care and control, even if the children were picked up by someone other than him. Given the scant evidence, the Support Magistrate reasonably concluded that the parents' equal split of overnights with the children reflected the reality of the situation — that they had "a de facto pure shared custody arrangement" (see Matter of Mitchell v Mitchell, 134 AD3d at 1214-1215). Accordingly, as the father is the parent in the shared custody arrangement with the greater income, Family Court properly sustained the Support Magistrate's determination that the father is the noncustodial parent within the meaning of the CSSA (see id.).
To the extent that we have not specifically addressed the father's remaining arguments, they have been examined and found to be without merit.
Lynch, J.P., Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.