Matter of Todd M. v Cynthia O. (2023 NY Slip Op 01933)

Matter of Todd M. v Cynthia O.

2023 NY Slip Op 01933

Decided on April 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 13, 2023

535260
[*1]In the Matter of Todd M., Appellant,
v
Cynthia O., Respondent.

Calendar Date:February 16, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ. 

Nicole R. Redmond, LLC, Delmar (Nicole R. Redmond of counsel) and Stephen L. Molinsek, LLC, Albany (Stephen L. Molinsek of counsel), for appellant.
The Scagnelli Law Firm, PC, Albany (Peter J. Scagnelli of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Family Court of Albany County (Sherri J. Brooks-Morton, J.), entered December 10, 2021, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of child support.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of four children (born in 2001, 2003, 2006 and 2009). Pursuant to the terms of an April 2014 separation agreement, the parties shared joint legal and physical custody of the children, and the father paid the mother $1,700 per month in child support, which was $367 per month less than his presumptive obligation pursuant to the Child Support Standards Act. The custody arrangement changed in December 2019, when Family Court (Maney, J.) entered a stipulated order providing that the father would have primary physical custody of the oldest two children, who could nevertheless reside with either parent as they wished, and the mother would have primary physical custody of the youngest two children, although the effect of the stipulated visitation schedule for the youngest two children was that the parties would have equal time with them. The child support arrangement did not change at that time.
In November 2020, the parties consented to a change in child support, and the father's attorney placed the terms of the agreement on the record in open court. It was agreed that the father would pay the mother $932 per month in child support to "continue irrespective of the emancipation of any of the children or a change in custody of the children" (emphasis added). The mother would pay the children's health insurance premiums in full for the next 60 months, and the existing arrangements concerning other expenses for the children would remain the same, with the parties reserving their right to seek modification of child support only in the event of a substantial change in circumstances. This oral stipulation was incorporated into a March 2021 order modifying support. An April 2021 custody order, entered on consent, clarified that the parties shared physical custody of the youngest two children, who could "reside with either parent without the necessity of providing notice to the other."
In May 2021, the father filed a petition for modification of child support, alleging a substantial change in circumstances in that all four children were living with him. To that end, the father sought to terminate his child support obligation and, instead, receive support payments from the mother. Following a hearing, a Support Magistrate (Clancy, S.M.) granted a motion by the mother to dismiss the father's petition, finding, among other things, that the parties had expressly agreed that a change in custody would not constitute a ground to modify the support order. The father filed an objection to the Support Magistrate's order, and Family Court (Brooks-Morton, J.) denied the objection. The father appeals.
We affirm. Under Family [*2]Ct Act § 451 (3) (a), "[t]he court may modify an order of child support, including an order incorporating without merging an agreement or stipulation of the parties, upon a showing of a substantial change in circumstances" (see also Domestic Relations Law § 236 [B] [7] [d] [i]). As such, the party seeking modification on this ground bears "the burden of showing a substantial change in circumstances warranting a downward modification of his [or her] child support obligation" (Matter of Saber v Saccone, 192 AD3d 1400, 1401 [3d Dept 2021] [internal quotation marks and citation omitted], lvs denied 37 NY3d 909 [2021]; see Matter of Siouffi v Siouffi, 186 AD3d 1789, 1790 [3d Dept 2020], lv dismissed & denied 36 NY3d 1042 [2021]).
The father failed to demonstrate that the change in custody of the children constituted a substantial change in the circumstances known to the parties when they agreed to child support in November 2020, as they specifically acknowledged at that time that support would remain the same regardless of the custody arrangement (see Matter of Hunt v Bartley, 85 AD3d 1275, 1277 [3d Dept 2011]; Matter of Dallin v Dallin, 250 AD2d 847, 848 [2d Dept 1998]; Tuchrello v Tuchrello, 204 AD2d 1020, 1020 [4th Dept 1994]; cf. Matter of Kosinski v Parker, 139 AD3d 1156, 1157 [3d Dept 2016]). Indeed, as the mother testified before the Support Magistrate, the parties' agreement contemplated the mother accepting from the father a lower monthly child support payment than that presumptively provided by statute, and also waiving two of the three statutory grounds for modifying support, in order to avoid future litigation concerning support every time the children changed their minds regarding their residence. Further evidence of the parties' intention to leave the child support arrangement intact can be gleaned from the April 2021 consent order, wherein the parties allowed that the two youngest children could choose to live with either parent and, despite that, did not make any change to the father's child support obligation. Accordingly, the petition was properly dismissed. The father's remaining contentions have been examined and found to be without merit.
Egan Jr., J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.