Matter of Treglia v Varano (2023 NY Slip Op 06783)

Matter of Treglia v Varano

2023 NY Slip Op 06783

Decided on December 28, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 28, 2023

535852
[*1]In the Matter of Gary N. Treglia Jr., Respondent-Appellant,
v
Malinda R. Varano, Appellant-Respondent.

Calendar Date:November 15, 2023

Before:Lynch, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for appellant-respondent.
The Law Office of Joseph F. Buono PLLC, Fishkill (Joseph F. Buono of counsel), for respondent-appellant.

Pritzker, J.
Cross-appeals from an order of the Family Court of Ulster County (Sarah Rakov, J.), entered July 15, 2022, which, in a proceeding pursuant to Family Court Act article 4, denied the parties' objections to an order of a Support Magistrate.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2006 and 2010) and divorced in 2017. The judgment of divorce ordered the father to pay $641.86 per week in child support to the mother. Following a fact-finding hearing, the Support Magistrate (Linen, S.M.) modified the parties' child support obligations and ordered the mother to pay the father $150 weekly based upon a determination that the father is the custodial parent. The Support Magistrate also declined to impute income to the mother. The mother filed written objections to the Support Magistrate's order arguing, among other things, that, for the purposes of child support, the father is the noncustodial parent given that the parties have equal custody and the father has a greater income. The father also filed written objections to the Support Magistrate's order arguing that the Support Magistrate erred by failing to impute income to the mother. Family Court (Rakov, J.) denied both the mother's and the father's objections based on its findings that the father is the custodial parent due to the amount of time that the children are in the father's custody and that the Support Magistrate did not abuse her discretion in declining to impute income to the mother. These cross-appeals ensued.[FN1]
The mother contends that Family Court erred in denying her objections because the father is the noncustodial parent as he is the monied spouse and the parties share 50/50 custody of the children.[FN2] When "the parties share physical custody, the court can determine the 'primary custodial parent' for purposes of the Child Support Standards Act (see Domestic Relations Law § 240 [1-b] [hereinafter CSSA]) based upon the reality of the situation by determining who has physical custody of the children for a majority of the time" (Ball v Ball, 150 AD3d 1566, 1567 [3d Dept 2017] [internal quotation marks and citations omitted]; see Matter of Laskowsky v Laskowsky, 187 AD3d 1342, 1343 [3d Dept 2020]). "If parenting time is shared equally, the noncustodial parent for purposes of the CSSA is the parent with the greater income" (Ball v Ball, 150 AD3d at 1567 [citation omitted]; accord Matter of Laskowsky v Laskowsky, 187 AD3d at 1343).
Here, the Support Magistrate based her determination that the father was the custodial parent on a matrimonial stipulation of settlement from February 2014 which set forth the details of the custody arrangement, as well as a corrected interim order of Family Court (Jose-Decker, J.) which reiterated this same arrangement. It is clear from the stipulation and the corrected interim order that the parties share physical custody of the children and have long followed a 50/50 schedule. "Specifically, [*2]the children are with the [f]ather Sunday, Monday, Tuesday, and part of Wednesday; they are with the [m]other the remainder of Wednesday, Thursday, Friday; and the parties shall alternate Saturdays." Thus, out of a 14-day period, each party had seven overnights with the children. The hearing testimony of the father, the father's wife and the mother all established that this schedule is largely followed. Although there was testimony that, at the end of each of the relevant years, the number of overnights were not precisely 50/50, the amount of deviations from an exact 50/50 schedule was minor. In fact, during the years at issue, the greatest deviation from a precise 50/50 schedule was 11 nights. Thus, the Support Magistrate erred in finding that the father was the custodial parent based upon having more parenting time with the children as the relevant evidence demonstrates that "the parties share[ ] parenting time on an approximate 50/50 basis" (Ball v Ball, 150 AD3d at 1567 [internal quotation marks omitted]; see Hughes v Hughes, 200 AD3d 1404, 1408 [3d Dept 2021]). Accordingly, the party that has the greater income is the noncustodial parent (see Matter of Laskowsky v Laskowsky, 187 AD3d at 1343). Given that the Support Magistrate, after the hearing, determined that the mother's adjusted gross income was lower than that of the father, the father is the noncustodial parent and is responsible for paying child support to the mother (see id.; Ball v Ball, 150 AD3d at 1567). Therefore, Family Court (Rakov, J.) erred in denying the mother's objections.
Nevertheless, the father asserts that Family Court erred in denying his objections because it was error for the Support Magistrate not to impute income to the mother. "A court is permitted to impute income to a party based on the party's earning capacity, as long as the court articulates the basis for imputation and the record evidence supports the calculations" (Yezzi v Small, 206 AD3d 1472, 1474 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; accord McGovern v McGovern, 218 AD3d 1067, 1069 [3d Dept 2023]). "A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed. The trial court is afforded considerable discretion in determining whether to impute income to a party, and the court's credibility determinations will be accorded deference on appeal" (Harris v Schreibman, 200 AD3d 1117, 1121 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; accord McGovern v McGovern, 218 AD3d at 1069).
Here, the mother testified that she operates her own business and is a "contracted nonemployee through Allstate." The mother also testified that in order to pay her payroll costs she has borrowed, and is expected to repay, sums of money in excess of $10,000 each year since 2018 from her now-husband.[FN3] During his testimony, the mother's [*3]husband confirmed that these were loans he expects her to pay back. Similarly, the mother testified that she signed a promissory note stating she would make payments to her husband regarding a car that was purchased, but she has not made any of those payments. According to the mother, she does pay some personal expenses through her business account but tells her accountant that those payments are income for tax return purposes. While the testimony at the hearing reveals that the mother's husband earns in excess of $2 million annually, the testimony also established that although the mother lives in her husband's house, she is not listed on the deed to the property. Similarly, she is not listed on her husband's bank accounts. The mother's husband testified to helping pay for some expenses for the children here and there, but the mother is the one bearing the brunt of those expenses.
The Support Magistrate declined to impute income to the mother based on the income of her husband because such imputation would "simply impose a penalty upon [the mother's husband], who owes his stepchildren no duty of support." The Support Magistrate also found that the mother is not underemployed and instead is "an articulate, creative professional who has consistently devoted a high degree of energy to building her business during an unprecedented pandemic." Given the foregoing, we do not find that the Support Magistrate abused her discretion in deciding not to impute income to the mother. Although the mother does receive some financial benefit from her husband, the Support Magistrate's credibility determinations are afforded deference and her determination that many of such benefits are loans to be repaid is supported by the evidence (see Rossiter v Rossiter, 56 AD3d 1011, 1011-1012 [3d Dept 2008]). Similarly, the determination that the mother is not underemployed by operating her business is a credibility determination that is afforded deference (compare Matter of Muok v Muok, 138 AD3d 1458, 1459-1460 [4th Dept 2016]). Accordingly, because the Support Magistrate's credibility determinations are supported by the evidence, and the Support Magistrate has broad discretion on whether to impute income, Family Court did not err when it denied the father's objections (see Harris v Schreibman, 200 AD3d at 11222; McGovern v McGovern, 218 AD3d at 1069-1070).
Given the foregoing, this matter must be remitted to Family Court for calculation of the father's child support obligation from August 12, 2020, the filing date of the instant modification petition, until January 5, 2023, the date the subsequent order relevant to child support was entered, as well as a calculation as to what, if any, arrears are owed by the father. Although it is within this Court's jurisdiction to set the father's child support obligation, in this case, we find that this is more properly delegated to Family Court to determine, in its discretion, what, if any, deviations from the presumptive amount of child [*4]support the father may be entitled.
Lynch, J.P., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied respondent's objections; respondent's objections granted and matter remitted to the Family Court of Ulster County for calculation of petitioner's child support obligation and of any arrears of the parties; and, as so modified, affirmed.

Footnotes

Footnote 1: By a subsequent order on consent entered January 5, 2023, a Support Magistrate (Beisel, S.M.) terminated the mother's child support obligation. The order explicitly states that the mother's arrears accumulated prior to May 31, 2022 remain in effect, thus, this appeal is not moot (see generally Matter of O'Brien v Rutland, 180 AD3d 1183, 1183-1184 [3d Dept 2020]).

Footnote 2: To the extent that the mother is arguing that the father failed to establish a change in circumstances sufficient to warrant a modification of child support, the mother did not object on this basis, therefore that argument is unpreserved for our review (see Matter of Porter v D'Amato, 113 AD3d 908, 910 [3d Dept 2014]; Matter of Jennifer H.S. v Damien P.C., 50 AD3d 588, 589 [1st Dept 2008], lv denied 12 NY3d 710 [2009]).

Footnote 3: The mother also withdrew money from her 401k account and took out loans to pay these expenses. Moreover, during the course of the COVID-19 pandemic she took out two additional loans.