Brandford v Brandford (2025 NY Slip Op 02056)

Brandford v Brandford

2025 NY Slip Op 02056

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-03212
 (Index No. 55091/17)

[*1]Sherwin Brandford, appellant, 
v
Semra Brandford, respondent.

Sherwin Brandford, Brooklyn, NY, appellant pro se.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Eric I. Prus, J.), dated March 2, 2023. The order, insofar as appealed from, upon renewal, adhered to a prior determination in an order dated October 14, 2020, in effect, denying those branches of the plaintiff's prior cross-motion which were for an award of child support and to hold the defendant in contempt for failing to comply with a stipulation dated July 16, 2019, in effect, denied that branch of the plaintiff's motion which was for leave to renew that branch of his prior cross-motion which was to amend an order of the same court dated November 25, 2019, and denied that branch of the plaintiff's cross-motion which was to hold the defendant in contempt for failing to comply with an order of the same court dated August 7, 2019.
ORDERED that the order dated March 2, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The underlying facts of this case are summarized in a related appeal decided herewith (see Brandford v Brandford, _____ AD3d _____ [Appellate Division Docket No. 2020-09084; decided herewith]).
The Supreme Court, upon renewal, properly adhered to the determination in a prior order dated October 14, 2020, in effect, denying that branch of the plaintiff's cross-motion which was for an award of child support based upon the plaintiff's contention that he was the custodial parent of the parties' child for child support purposes, which was contrary to the terms of a stipulation dated July 16, 2019, between the parties (see Matter of Todd M. v Cynthia O., 215 AD3d 1106; Smisek v DeSantis, 209 AD3d 142).
The plaintiff's remaining contentions are either without merit or are not properly before this Court.
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court