■ In the Matter of HAIYAN S. SOMERVILLE, Respondent, v THEODORE E. SOMERVILLE, Appellant. [773 NYS2d 483]—

---

Crew III, J.P. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered September 13, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for an order of support.

Following the parties' separation, petitioner sought support for the minor child of the marriage, born in 2000. Based upon respondent's reported income, Family Court issued a temporary order of support fixing respondent's obligation at $140 per week. During the course of the custody dispute that followed, Family Court suspected that respondent had falsified his financial disclosure affidavits and it referred the support application to a Support Magistrate for a de novo review. In the interim, the parties agreed that respondent would pay support in the amount of $241.53 per week. At the conclusion of the hearing that followed, the Support Magistrate issued an order of support fixing respondent's child support obligation at $2,748.24 per month, together with arrears in the amount of $49,468.32. Respondent's objections and amended objections subsequently were denied by Family Court, prompting this appeal.*

We affirm. Although respondent raises 15 separate issues on appeal, his arguments essentially distill to two key points: (1) as he is the child's custodial parent, he should not have to pay any child support and (2) if he does have to pay child support, the amount due is far less than the obligation imposed by Family Court. Neither of these claims is persuasive.

As to the issue of the child's true custodial parent, the record discloses no serious dispute as to the amount of time the child spent with petitioner and respondent during the relevant time period. Simply stated, the child spent the majority of the total hours in any given week with petitioner. Respondent, however, in an innovative, albeit misguided, attempt to downplay the obvious import of this key fact, contends that he should be deemed the child's de facto custodial parent because he had physical custody of the child during most of her "waking hours." According to respondent, a child needs less parental care during those periods when the child is sleeping or the parent is not actively engaged in "preparing meals for the child, changing her diaper, playing with her, or attempting to quell a temper tan-

---

* Respondent's motion for a stay pending appeal was denied by this Court.

trum." Thus, respondent's argument continues, "more weight must be given to daytime than to nighttime custodial hours." This argument, though novel, is patently absurd and is entitled to no serious consideration by this Court.

Having declined respondent's invitation to set aside Family Court's finding that petitioner is the child's custodial parent, our inquiry then becomes whether the amount of child support awarded was properly calculated. In this regard, respondent's primary contention is that the Support Magistrate erred in applying the statutory percentage (17%) to that portion of the parties' income exceeding $80,000. Again, we cannot agree.

Preliminarily, we have no quarrel with the Support Magistrate's conclusion that respondent's income was best assessed by reviewing his most recent federal income tax return. The inconsistencies contained in respondent's respective financial disclosure affidavits, as well as his failure to disclose certain income or property, provide ample support for the Support Magistrate's decision in this regard.

As to the amount of the support awarded, the case law makes clear that "where combined parental income exceeds $80,000 . . . 'the court shall determine the amount of child support for the amount of the combined parental income in excess of such dollar amount through consideration of the factors set forth in [Family Ct Act § 413 (1) (f)] and/or the child support percentage'" (*Matter of Cassano v Cassano*, 85 NY2d 649, 653 [1995], quoting Family Ct Act § 413 [1] [c] [3]; *see Matter of Carr v Carr*, 309 AD2d 1001, 1003 [2003]). If, however, "the court opts to apply the full child support percentage, the court's reasoning must evidence careful consideration of the parties' circumstances and reflect a finding that departure from the statutory percentage was not warranted" (*Matter of Smith v Smith*, 1 AD3d 870, 872 [2003]).

Here, even a cursory review of the Support Magistrate's decision reveals that each of the statutory factors (*see* Family Ct Act § 413 [1] [f]) was considered and, where applicable, discussed in detail. Based upon a review of those factors and due consideration of the record as a whole, the Support Magistrate concluded that application of the statutory percentage to the parental income in excess of $80,000 was neither unjust nor unreasonable. As the Support Magistrate plainly set forth his reasoning in this regard and his findings are amply supported by the record, we are unable to discern any basis for setting aside the sum awarded. To the extent that respondent contends that the Support Magistrate and/or Family Court failed to accord proper weight to the various statutory factors, we have reviewed each

of respondent's arguments on this point and find them to be lacking in merit.

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.