Matter of Joleene D.R. v Robert J.W. (2007 NY Slip Op 51201(U))

[*1]

Matter of Joleene D.R. v Robert J.W.

2007 NY Slip Op 51201(U) [15 Misc 3d 1148(A)]

Decided on June 14, 2007

Family Court, Oswego County

Roman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through June 25, 2007; it will not be published in the printed Official Reports.

Decided on June 14, 2007

Family Court, Oswego County
In the Matter of a Proceeding for Support under Article 4 of the Family Court Act Joleene D.R., Petitioner, 
against
Robert J.W., Respondent.
Robert J.W., Petitioner,
against
Joleene D.R., Respondent.
10225

David J. Roman, J.
On March 19, 2007, Respondent Joleene D.R., by and through her attorney, Richard C. Mitchell, Jr., filed specific written Objections to the Order of Support Hearing Magistrate Samuel J. Sugar, entered on February 28, 2007. The Court's file contains an Affidavit of Service which reflects that a copy of the Objection was served in accordance with §439(e) of the Family Court Act upon the Petitioner. On April 10, 2007, a Rebuttal was received from Mr. W.'s attorney, Stephen A. Paquette, Esq.,
These proceedings were originally commenced by Ms. D.R., upon the filing of a petition, on July 7, 2006, wherein she sought to establish an order of support relative the parties' daughter, M., born August 27, 2003. Thereafter, on August 29, 2006, Robert J. W. filed a Cross-petition seeking similar relief. Following preliminary appearances, a hearing was held, in all matters, on January 5, 2007, before Support Magistrate Samuel J. Sugar. Petitioner appeared and was represented by Richard C. Mitchell, Jr., Esq.; Respondent also appeared, and was represented by Stephen A. Paquette, Esq. Based upon the proof and testimony, Mr. Sugar denied Ms. D.R.'s
petition, but granted the Cross-petition, in favor of Mr. W. The terms of the latter order provide that Ms. D.R. must pay current care support in the amount of $90.00, on a bi-weekly basis, [*2][*3]retroactive to August 29, 2006, plus an additional $40.00 bi-weekly toward arrears which total $1,305.00 as of March 16, 2007. Mr. Mitchell has filed these Objections from the latter order.
Objector raises several issues in these proceedings. First, that Mr. Sugar erred in awarding child support to Robert W. because, under the custody order, the parties share equal time with their daughter, and, therefore, support should have been awarded to Ms. D.R. since Robert W. is the higher wage earner; second, that Mr. Sugar erred in determining child support without reviewing Mr. W.'s full financial disclosure affidavit including his most recent tax returns, W-2 statements, and pay stubs; third, that the Mr. Sugar failed to consider certain indirect contributions Ms. D.R. is making toward support through her joint ownership of the parties' former residence which Mr. W. continues to live in with the subject child, "M."; and, finally, that the Mr. Sugar's determinations are against the weight of the evidence. Counsel requests that the Court review the record and reverse the Findings of Fact, and/or remand these proceedings for a new hearing before a different Support Magistrate.
The Court has examined the record of these proceedings, as well as the papers and pleadings had in this action, and the evidentiary submissions, which were at Mr. Sugar's disposal. As a general rule, the Support Magistrate's Findings of Fact "should not be rejected unless they are contrary to the weight of the credible evidence or in error as a matter of law" (see Matter of Weiner v. Weiner, 97 Misc 2d 920 (Monroe Co. Family Ct. 1979)). The greatest deference should be given to the factual findings of a support magistrate who is in the best position to assess the credibility of the witnesses and the evidence proffered (see Matter of Niagara County DSS v. Randy M., 206 AD2d 878 (4th Dept. 1994); Matter of McCarthy v. Braiman, 125 AD2d 572 (2nd Dept. 1986)).
In the first Objection, counsel alleges that the Support Magistrate erred in awarding child support to Mr. W. because the child spends equal time with each parent. Both parties submitted diaries of the days and times when the subject child was ostensibly in his or her custody. The documents were admitted into evidence (Petitioner's Exhibit 1, 5, 8 and Respondent's Exhibit B). Mr. Sugar requested the preparation of the documents contained in the latter exhibits during a preliminary appearance in these proceedings. Based upon his "approach"[FN1] in cases of this nature, which includes giving less weight to periods of time when the child is sleeping or at daycare, Mr. Sugar determined that Mr. W. is the custodial parent, finding that "M" spends substantially more time in his "immediate personal care and supervision."
The Court finds that the standard of law applied by Mr. Sugar in reaching the latter conclusion is erroneous. The Court of Appeals, in Bast -v- Rossoff, 91 NY2d 723 (1998), held that, when setting child support in shared custody cases, the court must first identify which parent has "physical custody of the child for the majority of the time" and then make a support award based upon the traditional three-step analysis set forth in the Child Support Standards Act [*4][*5](hereinafter referred to as the "CSSA") (see id. at 728). The term "physical custody" is a term of art which in this context to mean either actual possession or control over the child. Therefore, it was error to make any distinction between the time a child spends with their parent during the waking hours or while in their care at night (see Somerville -v- Somerville, 5 AD3d 878 (3rd Dept. 2004).
In light of the error of law, the Court must consider whether there is sufficient factual information contained in the record to permit the entry of new findings in accordance with the inherent authority set forth in Section 439 of the Family Court Act. Ms. D.R. submitted two very detailed exhibits which contain the dates and hours of the day each party was engaged in parenting M. from March 1, 2006 through December 31, 2006[FN2]. The Court elected to analyze Ms. D.R.'s exhibits to determine whether her own evidence would support her claim that the parties' parental access with M. is equally shared. All of the information presented in the exhibits has been illustrated in the following chart:
ACTUAL TIME CHILD SPENT WITH PARENTS and CARE PROVIDERS
 

 MOTHER
FATHER
DAYCARE
MOTHER
FATHER
DAYCARE 
  (HOURS)  (PERCENTAGE)  
March-06
288.00
430.50
25.50
38.71%
57.86%
3.43%
100.00%
April-06
310.50
394.50
15.00
43.13%
54.79%
2.08%
100.00%
May-06
312.50
395.00
36.50
42.00%
53.09%
4.91%
100.00%
June-06
276.50
416.50
27.00
38.40%
57.85%
3.75%
100.00%
July-06
341.00
376.00
27.00
45.83%
50.54%
3.63%
100.00%
August-06
290.75
417.50
35.80
39.08%
56.12%
4.81%
100.00%
September-06
145.50
532.50
42.00
20.21%
73.96%
5.83%
100.00%
October-06
284.50
376.00
83.50
38.24%
50.54%
11.22%
100.00%
November-06
279.75
392.00
48.25
38.85%
54.44%
6.70%
100.00%
December-06
342.25
348.50
53.25
46.00%
46.84%
7.16%
100.00%

Mr. W. consistently has M. more than 50% of the time. Therefore, based upon the Court's analysis of Ms. D.R.'s own evidence, the Court finds that the Support Magistrate's error of law, as applied to the facts of this case, was harmless because the ultimate outcome was unchanged when the Court considered the actual times M. was in the physical custody of each parent. The evidence demonstrates that M. is unequivocally with her father a majority of time over the course of any given week. The only exceptions to that were a few particular weeks where one parent or the other had her for an extended period of time. The Court would also point out that M. spends an overwhelming majority of time with her parents as opposed to being left in the care of a third party. Both parties should be commended for such dedication. [*6][*7]However, inasmuch as Mr. Sugar's error of law did not impact the final outcome in the case, the Court must deny the Objection.
The Court also considered Counsel's remaining points in the Objection and finds that same do not provide a sufficient basis to overturn the Support Magistrate's rulings. It is true that the statute provides for compulsory financial disclosure in all support proceedings, and that such disclosure "...may not be waived by either party or by the court" (see § 424-a (a) of the Family Court Act). However, the latter provision allows the Support Magistrate to determine whether the party has complied, and, if not, fashion an appropriate remedy. Mr. Paquette indicates in the Rebuttal that his client submitted a financial affidavit and there were no demands for discovery proffered in this case. Indeed, the record contains Mr. W.'s financial disclosure affidavit which was received into evidence. There is nothing to indicate that Mr. Mitchell was deprived of the opportunity to fully cross-examine Mr. W. on his finances, nor does the record contain any indication that an objection was made to the completeness of the affidavit when it was filed. Therefore, the Objection cannot be sustained upon this claim.
Finally, there is no proof in the record to demonstrate that the support award is either unjust or inappropriate under § 413 (1)(f) of the Family Court Act. The proof does not indicate that Ms. D.R. is spending a disproportionate amount of money on a weekly basis caring for M. relative the times each party is caring for her. Nor does the record support the claim that Mr. W.'s living expenses are being subsidized through the parties' joint ownership of real estate which is currently being maintained as his personal residence. Nothing in the record indicates that Ms. D.R. is paying any expenses associated with the upkeep or cost of the home out-of- pocket. Claims related to the real property issue will have to be determined in a court of competent jurisdiction. The Objection must be denied upon these latter points since Ms. D.R. failed to demonstrate that the Support Magistrate's Findings are either contrary to the weight of the credible evidence or otherwise in error as a matter of law.
Accordingly, and for the reasons set forth herein, it is hereby,
ORDERED, that the Objections are hereby DENIED; and it is further,
ORDERED that the Order of Dismissal and the Order of Support, entered on February 28, 2007, are hereby affirmed and continued in all respects
ENTER:
June 14, 2007
at Oswego, New York
s/ David J. Roman
[*8][*9]
Hon. David J. Roman
Judge of the Family Court
NOTICE:

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL MUST BE TAKEN WITHIN THIRTY DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, THIRTY-FIVE DAYS FROM THE MAILING OF THE ORDER TO THE APPELLANT BY THE CLERK OF THE COURT, OR THIRTY DAYS AFTER SERVICE BY A PARTY OR LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.
A RECIPIENT OF FAMILY ASSISTANCE SHALL HAVE THE CHILD SUPPORT ORDER REVIEWED AND ADJUSTED AT THE DIRECTION OF THE SUPPORT COLLECTION UNIT NO EARLIER THAN TWENTY-FOUR MONTHS AFTER SUCH ORDER IS ISSUED, LAST MODIFIED OR LAST ADJUSTED WITHOUT FURTHER APPLICATION OF ANY PARTY. ALL PARTIES WILL RECEIVE NOTICE OF ADJUSTMENT FINDINGS.
AN ORDER OF CHILD SUPPORT SHALL BE ADJUSTED BY THE APPLICATION OF A COST OF LIVING ADJUSTMENT AT THE DIRECTION OF THE SUPPORT COLLECTION UNIT NO EARLIER THAN TWENTY-FOUR MONTHS AFTER THIS ORDER IS ISSUED, LAST MODIFIED OR LAST ADJUSTED, UPON THE REQUEST OF ANY PARTY TO THE ORDER OR PURSUANT TO PARAGRAPH ( 2) BELOW. UPON APPLICATION OF A COST OF LIVING ADJUSTMENT AT THE DIRECTION OF THE SUPPORT COLLECTION UNIT, AN ADJUSTED ORDER SHALL BE SENT TO THE PARTIES WHO, IF THEY OBJECT TO THE COST OF LIVING ADJUSTMENT, SHALL HAVE THIRTY-FIVE (35) DAYS FROM THE DATE OF MAILING TO SUBMIT A WRITTEN OBJECTION TO THE COURT INDICATED ON SUCH ADJUSTED ORDER. UPON RECEIPT OF SUCH WRITTEN OBJECTION, THE COURT SHALL SCHEDULE A HEARING AT WHICH THE PARTIES MAY BE PRESENT TO OFFER EVIDENCE WHICH THE COURT WILL CONSIDER IN ADJUSTING THE CHILD SUPPORT ORDER IN ACCORDANCE WITH THE CHILD SUPPORT STANDARDS ACT.
WHERE ANY PARTY FAILS TO PROVIDE, AND UPDATE UPON ANY CHANGE, THE SUPPORT COLLECTION UNIT WITH A CURRENT ADDRESS TO WHICH AN ADJUSTED ORDER CAN BE SENT, AS REQUIRED BY SECTION 443 OF THE FAMILY COURT ACT, THE SUPPORT OBLIGATION AMOUNT CONTAINED THEREIN SHALL BECOME DUE AND OWING ON THE DATE THE FIRST PAYMENT IS DUE UNDER THE TERMS OF THE ORDER OF SUPPORT WHICH WAS REVIEWED AND ADJUSTED OCCURRING ON OR AFTER THE EFFECTIVE DATE OF THE ORDER, REGARDLESS OF WHETHER OR NOT THE PARTY HAS RECEIVED A COPY OF THE ADJUSTED ORDER. Footnotes

Footnote 1:Mr. Sugar's "approach" in shared custody cases was outlined in a letter he sent to counsel, dated October 16, 2006, during the pre-trial phase.

Footnote 2:Petitioner's Exhibit "5" includes data for January 1-4, 2007; however, given the narrow time frame, such data is statistically insignificant relative the issues presented herein.