■ In the Matter of Thomas Conway, Appellant, v Joy Gartmond, Respondent. [969 NYS2d 525]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Morales-Horowitz, J.), entered June 22, 2012, as, after a hearing, denied that branch of his petition which was to modify a prior order of the same court (Spitz, J.H.O.) entered May 8, 2006, awarding sole physical custody of the parties' child to the mother with certain visitation to him, so as to award him sole legal and physical custody of the parties' child, and, in effect, granted that branch of his petition which was, in effect, in the alternative, to modify the order entered May 8, 2006, so as to award him certain expanded visitation, only to the extent of directing that he have visitation with the child on alternate weekends from Friday at 6:00 p.m. until Monday at 6:00 p.m.

and weekly overnight visitation from Wednesday at 6:00 p.m. until Thursday at 8:30 p.m.

Ordered that the order entered June 22, 2012, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the father's petition which was, in effect, in the alternative, to modify the order entered May 8, 2006, so as to award him certain expanded visitation, only to the extent of directing that he have visitation with the child on alternate weekends from Friday at 6:00 p.m. until Monday at 6:00 p.m. and weekly overnight visitation from Wednesday at 6:00 p.m. until Thursday at 8:30 p.m., and substituting therefor a provision granting that branch of the father's petition and directing that he have visitation with the child on alternate weekends from Friday at 6:00 p.m. until Monday at 6:00 p.m. and weekly overnight visitation from Wednesday at 6:00 p.m. until Friday at 6:00 p.m.; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

" 'In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child' " (*Matter of Anwar v Sani*, 78 AD3d 827, 827 [2010], quoting *Matter of Fallarino v Ayala*, 41 AD3d 714, 714 [2007]; *see Matter of Rosen v Goldhaber*, 73 AD3d 1184, 1185 [2010]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In this regard, the court should consider whether the alleged changed circumstances indicate that one of the parties is unfit, the nature and quality of the relationships between the child and the parties, and the existence of a prior agreement (*see Matter of Wilson v McGlinchey*, 2 NY3d 375, 381 [2004]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94-95 [1982]). The recommendation of the court-appointed expert and the position of the attorney for the child are factors to be considered and are entitled to some weight, but such recommendations and position are not determinative and do not usurp the judgment of the trial judge (*see Matter of Nikolic v Ingrassia*, 47 AD3d 819, 821 [2008]; *Matter of Kozlowski v Mangialino*, 36 AD3d 916, 917 [2007]).

" 'Priority in custody disputes should usually be given to the parent who was first awarded custody . . . because this policy assures stability in the child's life' " (*Matter of Ross v Ross*, 96 AD3d 856, 857 [2012], quoting *Matter of Salvati v Salvati*, 221 AD2d 541, 542 [1995]; *see Friederwitzer v Friederwitzer*, 55 NY2d at 94; *White v Mazzella-White*, 84 AD3d 1068, 1069 [2011];

*Matter of Russell v Russell,* 72 AD3d 973, 974 [2010]). "Thus, '[w]hen . . . there is no indication that a change of custody will result in significantly enhancing the child's welfare, it is generally considered in the child's best interests not to disrupt his [or her] life' " (*Matter of Ross v Ross,* 96 AD3d at 857, quoting *Matter of Salvati v Salvati,* 221 AD2d at 543).

Here, the Family Court's determination that there had not been a change of circumstances sufficient to warrant a change in custody was supported by a sound and substantial basis in the record and will not be disturbed. The evidence indicates that it is in the best interests of the subject child to remain with the mother, who has been his primary caregiver since birth and in whose care the subject child is doing well (*see Matter of Ross v Ross,* 96 AD3d at 857-858; *Matter of Chery v Richardson,* 88 AD3d 788, 789 [2011]; *Matter of Fallarino v Ayala,* 41 AD3d at 714).

However, the Family Court improvidently exercised its discretion to the extent that it granted that branch of the father's petition which was, in effect, in the alternative, to award him certain expanded visitation, only to the extent of directing that he have visitation with the child on alternate weekends from Friday at 6:00 p.m. until Monday at 6:00 p.m. and weekly overnight visitation from Wednesday at 6:00 p.m. until Thursday at 8:30 p.m. (*see Matter of Solovay v Solovay,* 94 AD3d 898, 900 [2012]; *Matter of Nell v Nell,* 87 AD3d 541, 542 [2011]; *Matter of Heuthe v McLaren,* 296 AD2d 500, 501 [2002]; *see also Daghir v Daghir,* 82 AD2d 191, 193 [1981], *affd* 56 NY2d 938 [1982]). On this record, the best interests of the child would be served by awarding the father visitation with the child on alternate weekends from Friday at 6:00 p.m. until Monday at 6:00 p.m., and weekly overnight visitation from Wednesday at 6:00 p.m. until Friday at 6:00 p.m. (*see Matter of Solovay v Solovay,* 94 AD3d at 900; *Matter of Nell v Nell,* 87 AD3d at 542; *Matter of Heuthe v McLaren,* 296 AD2d at 501; *see also Daghir v Daghir,* 82 AD2d at 193). Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.