■ In the Matter of THOMAS CONWAY, Appellant, v JOY GART-MOND, Respondent. [41 NYS3d 90]—

Appeal by the father from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated August 28, 2015. The order denied the father's objections to an order of that court (Carol Ann Jordan, S.M.) dated March 24, 2015, which dismissed his petitions to modify the parties' child support obligations.

Ordered that the order dated August 28, 2015, is reversed, on the law and the facts, with costs, the father's objections are granted, the order dated March 24, 2015, is vacated, the father's petitions are granted, and the matter is remitted to the Family Court, Westchester County, for a determination of the amount of the mother's child support obligation, if any.

The father and the mother, who were never married, are the parents of one child born in March 2004. In 2007, this Court affirmed so much of an order of the Family Court as granted the mother's petition for sole custody of the child, but increased the father's visitation time (*see Matter of Gartmond v Conway*, 40 AD3d 1094 [2007]). On a subsequent appeal by the father, this Court reduced his child support obligation to $1,006 per month (*see Matter of Gartmond v Conway*, 54 AD3d 952, 955 [2008]). On a third prior appeal, in 2013, this Court affirmed so much of an order of the Family Court as denied the father's

petition for custody of the child, but increased the father's visitation time, resulting in each parent having equal time with the child (*see Matter of Conway v Gartmond*, 108 AD3d 667 [2013]) (hereinafter the 2013 order).

Thereafter, the father filed two petitions pursuant to Family Court Act article 4, the first seeking to terminate his child support obligation and the second seeking child support from the mother. In support of his petitions, the father alleged that there had been a change of circumstances because the 2013 order resulted in each parent having equal parenting time. Since the mother earned substantially more than him, the father maintained that the mother should be deemed the noncustodial parent for child support purposes and should be directed to pay child support to him. In two orders dated September 22, 2014, the Support Magistrate dismissed the father's petitions for failure to state a cause of action. In an order dated December 8, 2014, the Family Court granted the father's objections to the orders dated September 22, 2014, to the extent of vacating the dismissal of his petitions and remitting the matter to the Support Magistrate to make a determination as to which parent should be designated the custodial parent for child support purposes. In an order dated March 24, 2015, the Support Magistrate, upon remittitur, summarily reinstated the dismissal of the father's petitions. By order dated August 28, 2015, the Family Court denied the father's objections to the Support Magistrate's order dated March 24, 2015. The father appeals from the order dated August 28, 2015.

The "custodial parent" within the meaning of the Child Support Standards Act is the parent who has physical custody of the child for the majority of the time (*see Bast v Rossoff*, 91 NY2d 723, 728 [1998]). Where neither parent has the child for a majority of the time, the parent with the higher income, who bears the greater share of the child support obligation, should be deemed the noncustodial parent for the purposes of child support (*see Matter of Mitchell v Mitchell*, 134 AD3d 1213, 1214 [2015]; *Leonard v Leonard*, 109 AD3d 126, 128 [2013]; *Barr v Cannata*, 57 AD3d 813, 814 [2008]; *Baraby v Baraby*, 250 AD2d 201, 204 [1998]).

Here, as a result of the 2013 order (*see Matter of Conway v Gartmond*, 108 AD3d at 669), and a stipulation entered into by the parties on May 23, 2014, it is undisputed that the parties have equal parenting time, including an alternating holiday schedule and equal amounts of vacation. The parties further stipulated to their respective incomes based upon their 2013 W-2 forms. In this regard, the mother had a gross income of

$251,989.52, whereas the father had a gross income of $159,213.56. Since the mother's income exceeds that of the father, she should be deemed the noncustodial parent for child support purposes. Contrary to the mother's contention, she cannot be considered the custodial parent for child support purposes merely because she has sole legal custody of the subject child (*see Leonard v Leonard*, 109 AD3d at 129).

Therefore, the father's objections to the Support Magistrate's order dated March 24, 2015, should have been granted, and his petitions to terminate his child support obligation and for child support from the mother should have been granted. We remit the matter to the Family Court, Westchester County, for a determination of the amount of the mother's child support obligation, if any.

The father's remaining contentions are without merit. Chambers, J.P., Dickerson, Duffy and Connolly, JJ., concur.