Matter of Conway v Gartmond (2018 NY Slip Op 04715)





Matter of Conway v Gartmond


2018 NY Slip Op 04715


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-11291
 (Docket No. F-13400-13/13B)

[*1]In the Matter of Thomas Conway, respondent, 
v
Joy Gartmond, appellant.


Joseph R. Miano, White Plains, NY (Jennifer C. Kruglinski of counsel), for appellant.
Kaminer Kouzi & Associates LLP, New York, NY (Jennifer Kouzi of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Arlene E. Katz, J.), dated September 28, 2017. The order, insofar as appealed from, denied the mother's objections to an order of support of the same court (Carol Ann Jordan, S.M.) dated March 2, 2017, which determined that her basic child support obligation was $1,238.45 per month and that she owed $51,343.03 in child support arrears.
ORDERED that the order dated September 28, 2017, is affirmed insofar as appealed from, with costs.
The parties, who were never married, are the parents of one child born in March 2004. In 2006, the Family Court awarded the mother sole custody of the child. In a decision and order dated July 17, 2013 (hereinafter the 2013 order), this Court affirmed so much of an order of the Family Court as denied that branch of the father's petition which was to award him custody of the child, but increased the father's parental access time, resulting in each parent having equal parenting time with the child (see Matter of Conway v Gartmond, 108 AD3d 667).
Thereafter, the father filed two petitions pursuant to Family Court Act article 4, the first seeking to terminate his child support obligation and the second seeking child support from the mother. In support of his petitions, the father alleged that there had been a change of circumstances because the 2013 order resulted in each parent having equal parenting time. Since the mother earned substantially more than he earned, the father maintained that the mother should be deemed the [*2]noncustodial parent for child support purposes and should be directed to pay child support to him. In 2016, this Court determined that, as it was undisputed that the parties had equal parenting time and that the mother's income exceeded that of the father, the mother should be deemed the noncustodial parent for child support purposes, and remitted the matter to the Family Court, Westchester County, for a determination of the amount of the mother's child support obligation, if any (see Matter of Conway v Gartmond, 144 AD3d 795).
On remittitur, the Support Magistrate found that the combined parental income was $391,141.38, 62% of which was attributable to the mother, and that, based upon the total combined parental income, the mother's monthly basic child support obligation would be $3,436. However, after considering the financial resources of the parties and those of the child pursuant to Family Court Act § 413(1)(f), the Support Magistrate determined that directing the mother to pay child support in this amount would be unjust and/or inappropriate. As a result, the Support Magistrate capped the parties' combined parental income at $141,000, set the mother's basic child support obligation at $1,238.45 per month, and determined that the mother owed $51,343.03 in child support arrears. In an order dated September 28, 2017, the Family Court, inter alia, denied the mother's objections to the Support Magistrate's order. The mother appeals, contending that the Family Court failed to properly consider factors warranting a further reduction of her child support obligation.
"The [Child Support Standards Act] sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Matter of Freeman v Freeman, 71 AD3d 1143, 1144; see Family Ct Act § 413; Holterman v Holterman, 3 NY3d 1, 10; Matter of Cassano v Cassano, 85 NY2d 649, 653). Where the combined parental income exceeds the statutory ceiling, the court, " in fixing the basic child support obligation on income over the ceiling, has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or to apply both'" (Matter of Peddycoart v MacKay, 145 AD3d 1081, 1083-1084, quoting Matter of Freeman v Freeman, 71 AD3d at 1144). Contrary to the mother's contentions, the Support Magistrate applied the relevant factors set forth in Family Court Act § 413(1)(f) and sufficiently articulated the reasons for determining the mother's child support obligation based on a combined parental income of $141,000 (see Matter of Heintzman v Heintzman, 157 AD3d 682, 693; Matter of Freeman v Freeman, 71 AD3d at 1144). Accordingly, we agree with the Family Court's determination to deny the mother's objections to the Support Magistrate's order.
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court