Sexton v Sexton (2021 NY Slip Op 04049)





Sexton v Sexton


2021 NY Slip Op 04049


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-09802
 (Index No. 9419/13)

[*1]Joseph Sexton, respondent,
v
Carrie-Jo Sexton, appellant.


Goldman & Maurer, LLP, Great Neck, NY (Ellen W. Maurer of counsel), for appellant.
Stephen David Fink, Forest Hills, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals, by permission, from an order of the Supreme Court, Queens County (William A. Viscovich, J.), dated May 4, 2018. The order, insofar as appealed from, directed the defendant to pay the sum of $175 per week in basic child support, 100% of the cost of all extracurricular activities for the parties' children, and 37.5% of all out-of-pocket health care and other extraordinary expenses for the children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married on July 4, 1999, and have three children. The plaintiff commenced this action for a divorce and ancillary relief on May 14, 2013.
On October 18, 2016, the parties entered into a so-ordered stipulation that awarded the defendant legal custody of all three children and the plaintiff residential custody of all three children. With respect to parental access, the oldest child would have parental access with the defendant at a minimum of alternating weekends. The other two children would have parental access with the defendant on Fridays after school "until after Scouts," every other weekend from Friday after school until Monday morning, and every Monday after school until Wednesday morning. The stipulation also contained a clause that read as follows: "Given the ages of the children, even in light of the above schedule, should the children desire to not exercise the full parenting time, the children's wishes should and must be respected."
A trial was held to determine the economic issues between the parties. At trial, the plaintiff testified that only the middle child was following the parental access schedule, while the other two children were not seeing the defendant at all. The plaintiff conceded that the defendant paid for certain expenses for the children.
After trial, the Supreme Court determined that the plaintiff was entitled to child support from the defendant because the plaintiff had residential custody of the children. The court utilized the Child Support Standards Act (hereinafter CSSA) calculation to determine that the defendant was responsible for 37.5% of the basic child support obligation, or the sum of $243 per [*2]week. However, the court concluded that there was a basis to deviate downward because the defendant readily incurred additional expenses for the children. The court directed the defendant to pay the sum of $175 per week in basic child support, 100% of the cost of all the children's extracurricular activities, and 37.5% of out-of-pocket health care and other extraordinary expenses for the children. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court correctly determined that the plaintiff was the custodial parent for child support purposes. "The 'custodial parent' within the meaning of the [CSSA] is the parent who has physical custody of the child for the majority of the time" (Matter of Conway v Gartmond, 144 AD3d 795, 796; see Bast v Rossoff, 91 NY2d 723, 728). The court may determine which parent is the custodial parent based on the "'reality of the situation'" (Riemersma v Riemersma, 84 AD3d 1474, 1476, quoting Bast v Rossoff, 91 NY2d at 728). Here, because the stipulation gives great weight to the children's wishes, and because there was undisputed testimony that two of the three children were not following the parental access schedule, the reality of the situation, despite the permitted parental access as set forth in the stipulation, was that the plaintiff was the custodial parent for child support purposes.
The Supreme Court did not improvidently exercise its discretion in its determination that the defendant should pay the sum of $175 per week to the plaintiff in basic child support, that the defendant should pay 100% of the cost of extracurricular expenses, and that the parties should pay out-of-pocket health care and other extraordinary expenses pursuant to their proportional child support shares as determined by the court.
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court