Matter of Smisek v DeSantis (2022 NY Slip Op 05210)

Matter of Smisek v DeSantis

2022 NY Slip Op 05210

Decided on September 21, 2022

Appellate Division, Second Department

Iannacci, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
JOSEPH A. ZAYAS, JJ.

2021-06495
 (Docket No. F-984-20)

[*1]In the Matter of Aileen T. Smisek, appellant,
v
Michael . DeSantis, respondent.

APPEAL by the mother, in a proceeding pursuant to Family Court Act article 4, from an order of the Family Court (Ayesha K. Brantley, J.), dated August 5, 2021, and entered in Nassau County. The order denied the mother's objections to an order of the same court (Sondra M. Toscano, S.M.) dated May 7, 2020, granting the father's motion pursuant to CPLR 3211(a) to dismiss the mother's petition for child support and dismissing the proceeding.

Law Offices of Seidner & Associates, P.C., Garden City, NY (Matthew S. Seidner of counsel), for appellant.
Law Offices of Jonathan E. Edwards, P.C., Garden City, NY, for respondent.

IANNACCI, J.

OPINION & ORDER
This appeal concerns an award of child support under circumstances in which the parents have shared physical custody of their children. In adjudicating a child support petition filed by the mother of the subject children in the present case, the Support Magistrate and the Family Court agreed with the father's contention that the mother could not be awarded child support because a strict counting of the parties' custodial overnights with the children rendered him the custodial parent. We conclude, to the contrary, that the court-ordered custody arrangement in this case splits the parents' physical custody of the children in such a manner that "neither can be said to have physical custody of the children for a majority of the time" (Baraby v Baraby, 250 AD2d 201, 204). In such circumstances, the parent having the higher income and thus bearing the greater pro rata share of the child support obligation, here, allegedly, the father, is deemed the noncustodial parent for child support purposes (see Matter of Conway v Gartmond, 144 AD3d 795; Baraby v Baraby, 250 AD2d at 204). We therefore reverse the order, grant the mother's objections, and remit the matter to the Family Court, Nassau County, for further proceedings on the mother's petition for child support.
The parties, who were never married to each other, have two children together, born in 2010 and 2013, respectively. In 2017, the mother moved out of the home in which the parties and the children had been living, and petitioned for custody of the children. At that time, the mother worked as a dance instructor in a dance studio in which she had a partial ownership interest. The father was a partner in a law firm. After a trial, the Family Court issued a final order of custody awarding the parties joint legal custody and shared parenting time.
The parenting time schedule in the final order of custody was as follows: during the months of September through June, the father had parenting time with the children from Sunday at 8:00 p.m. through Wednesday at 9:00 a.m., as well as on alternating weekends from Friday at 9:00 a.m. through Sunday at 8:00 p.m. The mother had parenting time during those months from Wednesday at 9:00 a.m. through Friday at 9:00 a.m., and alternating weekends from Friday at 9:00 a.m. through Sunday at 8:00 p.m. During the months of July and August, the mother had parenting [*2]time from Monday at 9:00 a.m. through Thursday at 9:00 a.m., as well as alternating weekends from Thursday at 9:00 a.m. through Monday at 9:00 a.m. The father had parenting time during those months on alternating weekends from Thursday at 9:00 a.m. through Monday at 9:00 a.m., as well as one period of seven consecutive days. The parties alternated custody on all other school breaks and holidays. In its decision after trial, which set forth the same parenting time schedule, the Family Court stated that it was giving "residential custody" to the father "solely for the purpose of determining the children's school district."
The mother subsequently filed a petition against the father for child support. The father moved pursuant to CPLR 3211(a) to dismiss the petition, contending that he was considered the custodial parent for child support purposes because, pursuant to the custody order, he enjoyed more custodial overnights with the children. Therefore, the father asserted, he could not, as a matter of law, be directed to pay child support to the mother. In opposition, the mother argued that while the father had more custodial overnights, she had a greater number of custodial days and hours. In any event, the mother maintained, the parenting time schedule set by the Family Court was "as close to exactly 50/50 as the [c]ourt could devise" taking into account issues concerning school. As such, the mother contended, the rule pertaining where neither parent has custody for a majority of the time, which compares the parties' pro rata share of the child support obligation, should be applied.
The Support Magistrate, examining the relevant law, perceived a split of authority between the Appellate Division, First and Third Judicial Departments, on the one hand, and the Appellate Division, Fourth Judicial Department, on the other, with no precedent from this Court, as to the method of determining which parent was the custodial parent for purposes of child support in a shared custody arrangement. Following the First Department's decision in Rubin v Della Salla (107 AD3d 60), the Support Magistrate concluded that the parent who has the greatest number of custodial overnights is the parent considered to have custody of the child the majority of the time and, therefore, is the custodial parent for child support purposes. Since the father had more custodial overnights, the Support Magistrate granted the father's motion pursuant to CPLR 3211(a) to dismiss the mother's petition for child support and dismissed the proceeding.
The mother filed objections to the Support Magistrate's order, arguing for a more flexible approach that would award child support to the spouse with the lower income where the parties enjoyed approximately equal parenting time. The Family Court, however, agreed with the Support Magistrate, and denied the mother's objections. The mother appeals.
The Child Support Standards Act (hereinafter the CSSA) sets forth a three-step method for determining the appropriate amount of support and each parent's respective share of that obligation (see Domestic Relations Law § 240[1-b][c]; Family Court Act § 413[1][c]; Kaufman v Kaufman, 189 AD3d 31, 71-72). The CSSA requires the court to direct "the non-custodial parent to pay his or her pro rata share of the basic child support obligation," unless it finds that amount to be "unjust or inappropriate" based upon a consideration of statutory factors (commonly referred to as "paragraph [f] factors") (Family Court Act § 413[1][f] [emphasis added]; see Domestic Relations Law § 240[1-b][f]). Where the court finds the noncustodial parent's pro rata share of the basic child support obligation to be unjust or inappropriate, it must order the noncustodial parent to pay "such amount of child support as the court finds just and appropriate" (Family Court Act § 413[1][g]; Domestic Relations Law § 240[1-b][g]).
In Bast v Rossoff (91 NY2d 723, 725), the Court of Appeals was presented with the question of "how child support should be calculated when parents have 'shared custody' of their child." In that case, the father had alternating, biweekly custody of the child from Wednesday evening to Sunday evening one week, and Wednesday evening to Thursday morning the next (see id. at 725). In determining child support, the lower courts had declined to apply the three-step method set forth in the CSSA, finding that formula inappropriate in a case in which there was "extensive time sharing," and instead set an amount of child support based solely upon consideration of the paragraph (f) factors (id. at 726 [internal quotation marks omitted]). The Court of Appeals rejected this approach. It concluded that, while the CSSA "speaks in terms of a 'custodial' and 'noncustodial' parent," the Legislature "intended the CSSA to apply as adopted" to cases of shared custody (id. at 728, 729). The Court of Appeals instructed that "[i]n most instances, the court can determine the custodial parent for purposes of child support by identifying which parent has physical custody of the child for a majority of the time," and added, "[t]he reality of the situation governs" (id. at 728 [internal quotation marks omitted]).
A few months after Bast was decided, the Third Department was faced with a case [*3]in which the parents shared physical custody of the children on an equal basis by alternating weeks (see Baraby v Baraby, 250 AD2d at 203). The Third Department observed that "Bast did not specifically address how to apply the CSSA in cases of equal shared custody" (id. at 204). That court "interpret[ed] Bast as requiring application of the CSSA to such situations to assure that children will realize the maximum benefit of their parents' resources and continue, as near as possible, their preseparation standard of living in each household" (id.). To that end, the Third Department determined: "where, as here, the parents' custodial arrangement splits the children's physical custody so that neither can be said to have physical custody of the children for a majority of the time, the parent having the greater pro rata share of the child support obligation, determined after application of the three-step statutory formula of the CSSA, should be identified as the 'noncustodial' parent for the purpose of support" (id.).[FN1]
All of the Appellate Division departments follow the rule in Bast that a parent who has physical custody of the child for a majority of the time in a shared custody situation is considered the custodial parent for child support purposes (see e.g. Rubin v Della Salla, 107 AD3d at 62 [1st Dept]; Smith v Smith, 97 AD3d 923, 924 [3d Dept]; Matter of Ambrose v Felice, 45 AD3d 581 [2d Dept]; Matter of Gillette v Gillette, 8 AD3d 1102, 1103 [4th Dept]; Gainey v Gainey, 303 AD2d 628, 629-630 [2d Dept]; see generally Matter of Rapp v Horbett, 174 AD3d 1315 [4th Dept]). Similarly, all of the Appellate Division departments have applied the rule set forth by the Third Department in Baraby where neither party could be said to have physical custody of the child for a majority of the time (see e.g. Cazar v Browder, 191 AD3d 837, 837-838 [2d Dept]; Matter of Rapp v Horbett, 174 AD3d 1315 [4th Dept]; Matter of Conway v Gartmond, 144 AD3d 795 [2d Dept]; Barr v Cannata, 57 AD3d 813, 814 [2d Dept]; Powers v Powers, 37 AD3d 316, 316 [1st Dept]; see generally Rubin v Salla, 107 AD3d at 68, 71 [1st Dept]). Where there has been some divergence is in the circumstances under which the courts will invoke the Baraby rule.
In Rubin v Della Salla, the First Department was presented with a shared custody arrangement in which the father had the child for 204-206 overnights per year, and the mother had the child for 159-161 overnights per year (see Rubin v Della Salla, 107 AD3d at 65). By that measure, the father had the child for 56% of the time and the mother had the child for 44% of the time (see id.). The mother sought child support and the father took the position that he could not be directed to pay support inasmuch as the child was with him the majority of the time, making him the custodial parent for child support purposes (see id.). The Family Court decided that it could award the mother child support, finding that the parents shared "'very nearly equal'" parenting time, based upon the "'waking, non-school time' the child [spent] with each parent" (id. at 68-69).
The First Department majority concluded otherwise, rejecting the counting of "waking hours" as a basis for determining which parent, if any, had physical custody a majority of the time, in favor of counting overnights (id. at 69, citing Matter of Somerville v Somerville, 5 AD3d 878 [3d Dept]). Considering overnights, the court opined that the child spent "significantly more time with the father," making him the custodial parent (Rubin v Della Salla, 107 AD3d at 70).[FN2]
The First Department majority opined in Rubin that the Baraby rule is only applicable where "the parents' custodial time is truly equal" (id. at 68). Emphasizing this language, the father in the present case has interpreted the Rubin decision as standing for the proposition that only a strict [*4]50/50 split of custodial overnights will trigger application of the Baraby rule. Whether or not Rubin stands for that proposition, we disagree.
As noted above, Bast recognized that in some instances, the court would not be able to determine the custodial parent by identifying which parent has physical custody of the child for a majority of the time (see Bast v Rossoff, 91 NY2d at 729). If the Court of Appeals had meant that such instances were limited to a true 50/50 split of time, it could easily have said so. More significantly, the Court instructed that "[t]he reality of the situation governs" (id. at 728), which suggests that, when necessary, courts should take a practical approach to assessing which parent is properly identified as the custodial parent.
Other decisions from the Appellate Division departments, including this Department, have followed that guidance. In Matter of Disidoro v Disidoro (81 AD3d 1228, 1229 [4th Dept]), where the parties agreed to a shared custody arrangement in which the children were with the father for approximately one month more per year, the Fourth Department, observing that the parties had testified to periodically deviating from this arrangement, determined that the Baraby rule would apply because the children spent "virtually equal time" with each parent (see also Matter of Rapp v Horbett, 174 AD3d at 1316 [4th Dept] [applying the Baraby rule upon concluding that the parents shared physical custody "with approximately an even distribution of parenting time"]; Matter of Soldato v Benson, 128 AD3d 1524, 1525 [4th Dept] [applying Baraby where the custody order was "intended to divide physical custody of the children equally"]).
The Third Department, as noted by the First Department in Rubin, has rejected the idea of giving greater weight to "waking hours" over sleeping hours, in determining which parent is the custodial parent (see Matter of Somerville v Somerville, 5 AD3d 878 [3d Dept] [concluding that the mother was properly considered the child's custodial parent where it was undisputed that "the child spent the majority of total hours in any given week" with her]). However, that court has not engaged in a strict counting of overnights or limited the application of Baraby to a true 50/50 split of overnights in determining which parent is the custodial parent (see Matter of Mitchell v Mitchell, 134 AD3d 1213 [3d Dept] [where the child spent an equal number of overnights at each party's home during the school year, and spent two extra overnights with the mother for every two- week period during the summer but more summer days with the father, the parents had "close to equally shared physical custody" such that Baraby applied]; Redder v Redder, 17 AD3d 10, 12-13 [3d Dept] [where the father had the children four days each week and the mother had them three days each week, but the mother had more vacation time, the Baraby rule was correctly applied because the parties had "substantially the same amount of custodial time"]; cf. Smith v Smith, 97 AD3d 923 [3d Dept] [Baraby rule should not have been applied where the father, who had the children for 18 of every 28 nights during the school year, with summers split equally, "clearly ha[d] physical custody for a majority of the time during the greater part of the year"]).
In Riemersma v Riemersma (84 AD3d 1474, 1475), the Third Department considered the "reality of the situation" by determining that, although the custody order provided each party with 7 nights out of every 14-day period, the mother had physical custody a majority of the time because it was undisputed that "based upon the number of hours the children [spent] with each parent" the mother had them 65% of the time (id. at 1475-1476 [internal quotation marks omitted]). The court observed: "While we do not necessarily countenance arriving at this determination in every case by comparing the number of hours the children are with each parent, it is appropriate to consider the overall amount of time each parent spends with the children" (id. at 1476 [emphasis added]).
In Sexton v Sexton (195 AD3d 972, 973-974), the parties had entered into a stipulation giving them equal overnights with the two youngest children. However, in light of undisputed testimony that two of the parties' three children were not exercising parental access with the mother as provided for in the stipulation, this Court allowed that the "reality of the situation, despite the permitted parental access as set forth in the stipulation, was that the [father] was the custodial parent for child support purposes" (id. at 974).
Accordingly, we reject the father's contention in the instant case that status as the custodial parent must be determined based upon a strict counting of custodial overnights and that the Baraby rule only applies to a true 50/50 split of custodial overnights. While a strict counting of overnights might have the advantage of ease of application, it also has disadvantages. Most significantly, as discussed above, such a method does not always reflect the reality of the situation. Furthermore, determining status as the custodial parent on this basis, without considering the reality of the situation, is more likely to encourage gamesmanship on the part of parents in their requests [*5]for, or agreements as to, custody, with each parent vying for a slightly higher number of overnights. As observed by the Court of Appeals, parents' requests for, or agreements as to, custody should be governed by their desire and ability to spend time with their children and their children's best interests, rather than considerations of child support awards (see Bast v Rossoff, 91 NY2d at 731).
Moreover, a flexible approach is more likely to promote the objectives of the CSSA. One of the primary objectives of the CSSA was "to increase child support awards so that children do not 'unfairly bear the economic burden of [parental] separation'" (Bast v Rossoff, 91 NY2d at 731, quoting Governor's Approval Mem, Bill Jacket, L 1989, ch 567 at 2, 1989 NY Legis Ann, at 250). It is a "generally accepted fact that shared custody is more expensive than sole custody" (Bast v Rossoff, 91 NY2d at 730). As the Court of Appeals explained, "shared custody actually increases the total cost of supporting a child by necessitating duplication of certain household costs in each parent's home" (id. at 730). Flexible application of the Baraby rule will ensure that children "realize the maximum benefit of their parents' resources and continue, as near as possible, their preseparation standard of living in each household," when, in a practical sense, they truly have two primary households (Baraby v Baraby, 250 AD2d at 204). On the other hand, a strict approach to determining which parent is the custodial parent for purposes of child support will make it difficult or impossible for a parent with a lower income to share what is essentially close to equal parenting time, as opposed to precisely equal or greater custodial overnight time. In such cases, the children may experience a significant disparity in standard of living in their two households.
In sum, while counting custodial overnights may suffice in most shared custody cases, that approach should not be applied where it does not reflect the reality of the situation. Similarly, while it may be clear in most cases which parent's share of the parenting time constitutes the majority of custodial time (see Bast v Rossoff, 91 NY2d at 729 n 3), the reality of the situation must also be considered where there is a closer division of parenting time.
The instant case is a case in point. The Family Court explained in the order appealed from:
"The [c]ourt purposely did not assign a residential custodian (apart from for purposes of determining the children's school district) to disabuse the parents of the notion that either of them were being deemed a primary parent. This [c]ourt's intention was to tailor a schedule that was so indicative of the parents sharing parenting time that there would be no basis for counting."
Each parent was given two weekdays and they alternated weekends (Thursday night through Sunday night). However, the father enjoyed more overnights because the mother, on her weekends, was to drop off the child with the father, from September to June, on Sunday at 8:00 pm. Yet, the mother was given more time in the summer, in that she had 10 overnights for every 14-day period (with one 7-day vacation period granted to the father).
Under all of these circumstances, and considering the reality of the situation, including the overall amount of time each parent spends with the children, this is a case in which the "custodial arrangement splits the children's physical custody so that neither can be said to have physical custody of the children for a majority of the time" (Baraby v Baraby, 250 AD2d at 204). Thus, "the parent having the greater pro rata share of the child support obligation, determined after application of the three-step statutory formula of the CSSA, should be identified as the 'noncustodial' parent" (id.).
Since it has not been determined in this case which parent has the greater pro rata share of the child support obligation, we remit the matter to the Family Court, Nassau County, for further proceedings on the mother's petition for child support, including calculation of an appropriate award of support to her in the event that she is determined to have the lesser pro rata share of the child support obligation.
Accordingly, the order dated August 5, 2021, is reversed, on the law, the mother's objections to the order dated May 7, 2020, are granted, the father's motion pursuant to CPLR 3211(a) to dismiss the mother's petition for child support is denied, the order dated May 7, 2020, is modified accordingly, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the mother's petition for child support, consistent herewith.
DUFFY, J.P., RIVERA and ZAYAS, JJ., concur.
ORDERED that the order dated August 5, 2021, is reversed, on the law, with costs, the mother's objections to the order dated May 7, 2020, are granted, the father's motion pursuant to CPLR 3211(a) to dismiss the mother's petition for child support is denied, the order dated May 7, 2020, is modified accordingly, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the mother's petition for child support, consistent herewith.
ENTER:
Maria T. Fasulo
Clerk of the Court

Footnotes

Footnote 1: There is no question that the three-step formula set forth in the CSSA will be applied in this case. The only question is whether the father can be directed to pay a child support award derived from application of the formula because, as asserted by the mother, he is properly considered the noncustodial parent for purposes of child support.

Footnote 2: The First Department majority also rejected the position of the dissenting justice (and the Supreme Court's alternative analysis) that even if the father had custody a majority of the time, the court nonetheless had discretion to award support to the mother, based upon financial need. The First Department majority concluded that, under the plain language of the CSSA, and the manner in which that statute was interpreted by the Court of Appeals in Bast, only the noncustodial parent could be directed to pay child support, and a parent with physical custody of the child for a majority of the time must be deemed the custodial parent (see id. at 67-68). Here, the mother does not argue that she should be awarded support as the noncustodial parent.