Matter of Cotter v Meng (2023 NY Slip Op 00082)

Matter of Cotter v Meng

2023 NY Slip Op 00082

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2022-03309
 (Docket Nos. F-30181-16/19A, F-30181-16/19D, F-30181-16/19E)

[*1]In the Matter of Sean Patrick Cotter, respondent,
v
Jamie Jianmin Meng, appellant. (Proceeding No. 1)
In the Matter of Jamie Jianmin Meng, appellant,
v Sean Patrick Cotter, respondent. (Proceeding No. 2)

Cedeno Law Group, PLLC, New York, NY (Anna Feldberg of counsel), for appellant.
Petroske Riezenman & Meyers, P.C., Hauppauge, NY (Danielle N. Murray of counsel), for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Kings County (Alan Beckoff, J.), dated April 6, 2022. The order denied the mother's objections to (1) an order of the same court (Jennifer L. Castaldi, S.M.) dated January 26, 2022, which, after a hearing, granted the father's petition to modify an amended order of support dated April 25, 2017, as amended May 1, 2017, to the extent of terminating the father's basic child support and add-on child care obligations effective November 1, 2019, to October 14, 2021, and (2) so much of an order of the same court (Jennifer L. Castaldi, S.M.), also dated January 26, 2022, as, after a hearing, denied the mother's petition alleging that the father was in willful violation of the amended order of support, as amended.
ORDERED that the order dated April 6, 2022, is affirmed, with costs.
The parties have one child together. In December 2016, the mother commenced a proceeding pursuant to Family Court Act article 4 for child support from the father. In an amended order dated April 25, 2017, as amended May 1, 2017 (hereinafter the amended order of support), the Family Court, inter alia, directed the father to pay the sum of $1,681.44 per month for basic child support and the sum of $791.70 per month for add-on child care expenses.
In May 2019, the mother filed a petition alleging that the father was in willful violation of the amended order of support and seeking to collect arrears for unpaid child care payments. On November 1, 2019, the father filed a petition to modify the amended order of support, seeking, inter alia, a downward modification or termination of his child support obligation and termination of his add-on child care obligation.
After a hearing, the Support Magistrate found that (1) the father was entitled to [*2]modification of his child support obligations because three or more years had passed since the amended order of support was entered, and the mother's income had increased by 15% or more during that time period (see Family Ct Act § 451[3][b][i], [ii]), and (2) the father was no longer obligated to pay child support because the mother, as the parent with the higher income, should be deemed the noncustodial parent for child support purposes. In an order dated January 26, 2022, the Support Magistrate granted the father's modification petition to the extent of terminating his basic child support and add-on child care obligations effective November 1, 2019, the date the modification petition was filed, to October 14, 2021, the date of a so-ordered stipulation that included provisions pertaining to child support. In a separate order dated January 26, 2022, the Support Magistrate, inter alia, denied the mother's violation petition. Thereafter, the mother filed objections to the orders dated January 26, 2022, arguing, inter alia, that the Support Magistrate improperly terminated the father's child support and add-on child care obligations for the period from November 1, 2019, to October 14, 2021. In an order dated April 6, 2022, the Family Court denied the mother's objections. The mother appeals.
Initially, contrary to the mother's contention, the father was not required to establish a substantial change in circumstances to warrant a modification of his child support obligations for the period from November 1, 2019, to October 14, 2021, since the parties did not opt out of the provisions of Domestic Relations Law § 236(B)(9)(b)(2)(ii) and Family Court Act § 451(3)(b) until they entered into the so-ordered stipulation dated October 14, 2021 (see Assad v Assad, 200 AD3d 831, 834; Matter of Khost v Ciampi, 189 AD3d 1409, 1410). Moreover, as the Support Magistrate found, more than three years had passed since the last order concerning child support was entered (see Domestic Relations Law § 236[B][9][b][2][ii][A]; Family Ct Act § 451[3][b][i]), and the mother's gross income had increased by 15% or more since the prior support order (see Domestic Relations Law § 236[B][9][b][2][ii][B]; Family Ct Act § 451[3][b][ii]).
Furthermore, contrary to the mother's contention, the Support Magistrate properly granted the father's modification petition to the extent of terminating the father's basic child support and add-on child care obligations effective November 1, 2019, to October 14, 2021. The Child Support Standards Act requires the court to direct "the non-custodial parent to pay his or her pro rata share of the basic child support obligation" (Family Ct Act § 413[1][f][10] [emphasis added]) unless it finds that amount to be "unjust or inappropriate" based upon a consideration of statutory factors (id. § 413[1][f]; see Domestic Relations Law § 240[1-b][f]). "Where . . . the parties share equal parental access, the parent with the higher income, who bears the greater share of the child support obligation, should be deemed the noncustodial parent for the purposes of child support" (Cazar v Browder, 191 AD3d 837, 838 [internal quotation marks omitted]).
Here, as the Support Magistrate found, the parties shared equal parental access with the child under the controlling custody arrangement. While the mother testified at the hearing that she maintained residential custody of the child on some of the father's days for residential custody at the father's request, the "reality of the situation" reflects that "neither [parent] can be said to have physical custody of the child[ ] for a majority of the time" (Matter of Smisek v DeSantis, 209 AD3d 142, 151-152 [internal quotation marks omitted]; see Hughes v Hughes, 200 AD3d 1404, 1408; Matter of Rapp v Horbett, 174 AD3d 1315, 1316; Matter of Disidoro v Disidoro, 81 AD3d 1228, 1229). Thus, the mother, as the parent with the higher income, was properly deemed the noncustodial parent for child support purposes (see Matter of Conway v Gartmond, 144 AD3d 795, 797).
The mother's remaining contentions are either not properly before this Court or without merit.
Accordingly, the Family Court properly denied the mother's objections to the orders dated January 26, 2022.
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court